# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 04-2578

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

MICHAEL CARTER,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 00 CR 166—**Rudolph T. Randa**, *Chief Judge.*

———————

ARGUED JANUARY 5, 2005—DECIDED MAY 20, 2005

———————

Before KANNE, ROVNER, and SYKES, *Circuit Judges.*

ROVNER, *Circuit Judge.* Michael Carter pled guilty in federal district court to the fraudulent use of a social security number in violation of 42 U.S.C. § 408(g). Carter admitted in the plea agreement to using a false social security number to obtain financing on a 2002 Mazda 626 automobile. That was one in a series of such purchases, in which Carter obtained eight automobiles from eight Milwaukee area dealerships using false financial information and false social security numbers. Carter never made payments toward any of those vehicles. Carter was sentenced to a six-month term of imprisonment and three years of supervised release for that offense. In addition, the district court

ordered restitution in the amount of $52,285.87, or at least $100 per month during supervised release.

After his release from prison and while on supervised release, Carter engaged in several violations of the terms of that release, the most serious of which resulted in a conviction for credit card theft. Other violations included the failure to pay child support, failure to maintain employment, and receipt of traffic citations. After conducting a revocation hearing, the district court revoked Carter's supervised release and ordered him to serve 8 months' imprisonment followed by 2 years of supervised release. In addition to the standard conditions of supervised release, the district court further ordered Carter: to participate in a cognitive intervention program; to reimburse the clerk of court for the cost of appointed counsel at the rate of no less than $50 per month; to refrain from holding employment or self-employment having fiduciary duties without first notifying his employer and/or his supervising probation officer; not to open any new lines of credit or use existing credit without the prior approval of his supervising probation officer; to submit all tax returns in a timely manner; to pay child support and arrearage; and to participate in a mental health treatment program.

Carter was released from his second term of supervised release in May 2003. In March 2004, he was indicted in the district court for misuse of a social security number in violation of 42 U.S.C. § 408(a)(7)(B). The indictment alleged that Carter used the name of his father, Stanley Carter, and a false social security number to purchase an automobile from a dealership in February 2004. Following that indictment, Carter's probation officer petitioned the court for an order to show cause why Carter's supervised release should not be revoked. The petition noted the criminal charge and also detailed that Carter had failed: to make any payment toward his court-appointed counsel since his release from prison; to tender monthly child support payments for almost a year; to submit monthly restitution payments; and to file,

or to obtain an extension for, a 2003 tax return. The court conducted a hearing in June 2004 on that petition. Consistent with his plea agreement in the new federal criminal case, Carter did not contest the revocation of his supervised release, and the court proceeded to consideration of the appropriate sentence. The government recommended that the court sentence Carter at the high end of the 6-to12-month sentencing guideline range. The court instead sentenced Carter to 24 months' imprisonment—the maximum term of imprisonment permitted by statute—with no additional supervised release. Carter now appeals that sentence.

Carter acknowledges that the guidelines for sentence revocation are advisory, and that the court has discretion to impose the sentence that it feels appropriate within the statutory limits. He nevertheless contends that the court abused that discretion in imposing the sentence of 24 months, double the amount recommended by the guidelines.

We will not reverse the district court's sentence upon revocation of supervised release unless it is "plainly unreasonable." That standard is not met here.

The Sentencing Commission has promulgated a series of policy statements for sentencing following a revocation of supervised release, including a Revocation Table of recommended sentencing ranges tied to the severity of a defendant's violations and his criminal history category, § 7B1.4(a) *See* U.S.S.G. Ch. 7, Pt. A, §§ 3,4. Those policy statements are to be given great weight by the sentencing judge, but are non-binding and the recommended range "informs rather than cabins the exercise of the judge's discretion." *United States v. Salinas*, 365 F.3d 582, 588 (7th Cir. 2004). In determining the appropriate sentence upon revocation of supervised release, the court also must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a), including: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need of the sentence to deter future

crime, protect the public, and provide the criminal with necessary services such as education and medical treatment; (4) Sentencing Commission recommendations regarding sentencing range; (5) Sentencing Commission policy; and (6) sentence consistency for similar violations. 18 U.S.C. § 3583. Although the court need not make factual findings on the record for each factor, the record should reveal that the court gave consideration to those factors. *Salinas*, 365 F.3d at 589; *United States v. Huusko*, 275 F.3d 600, 603 (7th Cir. 2001).

The record provides ample evidence that the district court in this case considered those factors. In fact, the court expressly noted that it must consider those factors, discussing at length the nature of the offense, character of the defendant, and the need to protect the community and meet the needs of Carter as well.

The court recognized that the offense and prior conduct involved paper crimes, but concluded that the serial nature of the conduct while on supervised release rendered the conduct more serious. The court noted that the pattern indicated an inability or unwillingness to correct previous mistakes. Regarding Carter's character, the court pointed to his good upbringing, fine education, and family support as weighing positively. The court then turned to the needs of the community, determining that a harsher sentence was necessary given the pattern of conduct and the minimal efforts to comply with other terms of supervised release including child support and restitution. The court concluded that a sentence of 24 months' imprisonment and no supervised release was appropriate. Although the court recognized that its sentence exceeded the Guidelines' recommendation, it also noted that it was not bound by that recommendation if it believed, as it did, that there were circumstances in light of the policy statements that demanded deviation. The court further stated that the longer sentence was consistent with the sentences the court had given in similar cases.

Thus, the record reflects careful consideration of the appropriate factors by the district court. The court concluded that the pattern of serial conduct and of non-compliance with the requirements of supervised release required imprisonment of a longer term. There is nothing "plainly unreasonable" about that conclusion given the conduct by Carter. *See Salinas*, 365 F.3d at 589 (upholding a district court's imposition of a 24-month sentence, well above the Guidelines recommendation of 3 to 9 months, where Salinas violated the conditions of supervised release on multiple occasions notwithstanding increasingly onerous modifications of the terms of release in an effort to modify his behavior); *United States v. Harvey*, 232 F.3d 585 (7th Cir. 2000) (affirming district court's imposition of a 24-month sentence where the Guideline range was 4 to 10 months, given the repeated and serious nature of the violations of supervised release). Accordingly, the decision of the district court is AFFIRMED.

A true Copy:

       Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*