**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 14, 2005
Decided December 1, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1792

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>ANDREW J. JONES,<br>    *Defendant-Appellant*. | Appeal from the United States<br>District Court for the Eastern<br>District of Wisconsin<br><br>No. 93-CR-222<br><br>Rudolph T. Randa,<br>*Chief Judge*. |

**O R D E R**

In February 1994, Andrew Jones pleaded guilty to four counts of bank robbery under 18 U.S.C. § 2113(a). He was sentenced to four concurrent 137-month terms of imprisonment, four concurrent three-year terms of supervised release, and $11,448 in restitution. Upon his release from prison in December 2004, Jones began to serve his terms of supervised release, subject to special conditions that he reside for the first 60 days in a community correctional center, participate in programs for substance abuse and mental health treatment, and make payments toward the amount he owed in restitution. Within two months, however, Jones's probation officer petitioned to revoke his release because he had been kicked out of the correctional center and failed to take any steps toward meeting the other special conditions. After a hearing, the district court revoked Jones's supervised release.

Concluding that he was "unsupervisable," the court reimprisoned him for 18 months with no further supervised release. Jones filed a notice of appeal, but his appointed counsel has moved to withdraw because he is unable to find a nonfrivolous basis for appeal. *Anders v. California*, 386 U.S. 738 (1967). Jones did not respond[1] to our invitation to explain why he believes his appeal has merit, *see* Cir. R. 51(b), so we review only the potential issues identified in counsel's brief. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Counsel first considers whether Jones might argue that the district court abused its discretion in revoking his supervised release. *See United States v. Young*, 41 F.3d 1184, 1186 (7th Cir. 1994). By statute the district court must take two considerations into account when deciding whether to revoke a term of supervised release and reimprison the defendant: it must find by a preponderance of the evidence that he violated a condition of his release, *see* 18 U.S.C. § 3583(e)(3); *United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir. 2001), and it must bear in mind essentially the same factors that it considered in imposing his original sentence, *see* 18 U.S.C. § 3583(e) (incorporating by reference most of the factors from 18 U.S.C. § 3553(a)); *United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003); *United States v. McClanahan*, 136 F.3d 1146, 1151 (7th Cir. 1998). We agree with counsel that any challenge to the revocation would be frivolous because both considerations were satisfied. First, Jones did not contest the government's allegation that he violated conditions of his release, which means that his guilt was established to a degree of reliability far exceeding the preponderance standard. *See United States v. Delatorre*, 406 F.3d 863, 866 (7th Cir. 2005). Second, the district court's remarks concerning "the gravity of the offense, the character of the defendant, [and] the need to protect the community" reflect that it adequately considered the § 3553(a) factors. The court need not make explicit findings regarding the factors; it is enough if its comments show that it considered the appropriate factors. *McClanahan*, 136 F.3d at 1151.

Counsel next considers whether Jones might argue that the district court abused its discretion in imposing an 18-month term of reimprisonment because it is beyond the range recommended by the Sentencing Guidelines. *See* U.S.S.G. § 7B1.4 (suggesting range of 8 to 14 months for Grade C violation with Category VI criminal history). But as counsel points out, the provisions for revocation are, and have always been, only advisory. *See* U.S.S.G. Ch. 7, Pt. A(1); *United States v. Alburay*, 415 F.3d 782, 787 (7th Cir. 2005); *United States v. Salinas*, 365 F.3d 582,

---

[1]Jones filed a copy of a letter he sent to his attorney asking that a habeas corpus petition be filed on his behalf. Even if we construed this submission as a Rule 51(b) response, it would not help him because it does not identify any nonfrivolous issues for appeal.

588 (7th Cir. 2004).  The district court was not required to adhere strictly to the guidelines recommendation.

Finally, counsel contemplates challenging the term of reimprisonment on grounds of its reasonableness.  A term will not be unreasonable if the district court selects it after considering the recommended guidelines range and the § 3553(a) factors.  *See United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005); *Salinas*, 365 F.3d at 588-89.  Our review of the revocation hearing transcript satisfies us that the district court observed these requirements.  The court was aware of the recommended guidelines range, but chose to depart from it out of a belief that Jones was unable to abstain from "self-defeating power struggles" with authorities.  The court also alluded to the § 3553(a) factors in remarking that, given Jones's numerous incident reports while incarcerated and his expulsion from the community correctional center, the need to protect the public (*see* 18 U.S.C. § 3553(a)(2)(C)) and Jones's own need for a controlled medical environment (*see* 18 U.S.C. § 3553(a)(2)(D)) outweighed the victims' interest in having him free so that he could begin to make restitution (*see* 18 U.S.C. § 3553(a)(7)).  Just as in *Carter* and *Salinas*, the district court adequately explained its reasons for imposing a longer term of reimprisonment than that recommended by the guidelines.  *See Carter,* 408 F.3d at 854-55 (concluding that defendant's "pattern of serial conduct and of non-compliance with the requirements of supervised release" merited reimprisonment at twice the recommended range); *Salinas*, 365 F.3d at 590 (holding that pattern of defiance of court orders and violent behavior justified reimprisonment at nearly three times the range recommended).  We thus agree with counsel that it would be frivolous to contest the term of reimprisonment.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.