**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 15, 2006
Decided March 10, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3478

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>JON B. BLACKBURN,<br>    *Defendant-Appellant.* | Appeal from the United States<br>District Court for the Central<br>District of Illinois<br><br>No. 96-30027-001<br><br>Richard Mills,<br>*Judge.* |

**ORDER**

Jon Blackburn appeals from an order revoking his supervised release (for testing positive for cocaine) and imposing 30 months' additional imprisonment—more than twice the maximum recommended by policy statements in the Sentencing Guidelines. He argues that his sentence was unreasonable because the district court did not "link" his sentence "to the framework of the guidelines" and failed to discuss the factors listed in 18 U.S.C. § 3553(a). We affirm.

In 1996 Blackburn pleaded guilty to five counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 135 months' imprisonment and a six-year term of supervised release. His imprisonment was later reduced to 123 months, and he began serving his supervised release in July

2004. One year later, Blackburn's supervision officer petitioned to revoke his supervised release because he tested positive for cocaine four times in a two-month period, thus violating the terms of his release. The petition also noted that Blackburn further violated the terms of his release by twice failing to show up for cocaine urinalysis testing and not reporting to a short-term residential treatment program.

At the revocation hearing, Blackburn admitted that he had violated the terms of his release as charged; the district court in turn revoked his supervised release and reimprisoned him for 30 months. In determining the appropriate length of reimprisonment, the court found that the sentencing guideline policy statements recommended a range of 8-to-14 months because Blackburn committed Grade B violations with a criminal history category of III, *see* U.S.S.G. § 7B1.4(a), p.s.; the parties did not dispute this calculation. The court also noted that the statutory maximum for reimprisonment in Blackburn's case was 36 months because his underlying distribution of cocaine conviction was a class B felony, *see* 18 U.S.C. § 3583(e)(3). The district court then sentenced Blackburn to 30-months' reimprisonment because of the serial nature of his drug abuse offenses.

Blackburn initially suggests that *United States v. Booker*, 543 U.S. 220 (2005), changed the standard of review for supervised release revocations from plainly unreasonable to reasonable. Before *Booker*, federal sentences imposed upon revocation of supervised release were reviewed under the "plainly unreasonable" standard set forth in 18 U.S.C. § 3742(e)(4). *Booker*, however, excised § 3742(e)(4) and replaced it with a reasonableness standard. After *Booker*, several of the other circuits applying this standard in the context of supervised release revocations have concluded that it is the same standard prescribed in § 3742(e)(4). *See United States v. Sweeting,* No. 05-11062, 2006 WL 177411 at *1 (11th Cir. Jan. 26, 2006); *United States v. Fleming*, 397 F.3d 95, 99 (2d Cir. 2005); *United States v. Cotton,* 399 F.3d 913, 916 (8th Cir. 2005); *United States v. Tedford*, 405 F.3d 1159, 1161 (10th Cir. 2005). We need not decide whether there is any substantive difference in these formulations of the review standard because—as explained below—Blackburn's 30-month term of reimprisonment stands under plainly-unreasonable or reasonableness review.

Blackburn next argues that his 30-month sentence was unreasonable because the district court did not "link [his] sentence to the framework of the guidelines." He cites pre-*Booker* cases including *United States v. Leahy*, 169 F.3d 433, 445 (7th Cir. 1999), and *United States v. Cross*, 289 F.3d 476, 478 (7th Cir. 2002), for the proposition that the district court must "link the degree of departure to the structure of the Guidelines and justify the extent of the departure taken." *Leahy*, 169 F.3d at 445.

To the extent that Blackburn argues that his sentence is unreasonable because it exceeds the 8-to-14 month sentence recommended by the guideline policy statements, we have frequently upheld reimprisonment sentences imposing prison terms lengthier than policy statement recommendations. *See United States v. Carter*, 408 F.3d 852, 853 (7th Cir. 2005) (affirming 24-month reimprisonment where policy statements recommended 6-to-12 months); *United States v. Salinas*, 365 F.3d 582, 585 (7th Cir. 2004) (affirming 24-month reimprisonment where policy statements recommended 3-to-9 months); *United States v. Harvey*, 232 F.3d 585, 587 (7th Cir. 2000) (affirming 24-month reimprisonment where policy statements recommended 4-to-10 months); *United States v. Hale*, 107 F.3d 526, 529 (7th Cir. 1997) (affirming 30-month reimprisonment where policy statements recommended 5-to-11 months).

Moreover, to the extent that Blackburn argues that the district court impermissibly "departed" from the sentencing range recommended in the guidelines policy statements, he is mistaken. The policy statements related to reimprisonment after a supervised release revocation are nonbinding, so a revocation sentence exceeding the suggested range is just that, a sentence; it isn't an upward departure because there is no binding guideline from which to depart. *See United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005)*; Salinas*, 365 F.3d at 588. And *Booker* made clear that "departures" were obsolete; the sole focus in the wake of *Booker* is whether a sentence is reasonable in light of 18 U.S.C. § 3555(a) factors. *See United States v. Johnson,* 427 F.3d 423, 426 (7th Cir. 2005); *United States v. Castro-Juarez*, 425 F.3d 430, 434 (7th Cir. 2005). Therefore, unless the court was unreasonable in sentencing Blackburn to 30-months' reimprisonment, its decision must stand.

Blackburn does maintain that his sentence was unreasonable because the court did not discuss the factors listed in 18 U.S.C. § 3553(a). He does not point to specific factors that the court overlooked; he asserts in a conclusory fashion that the court "made no comments about any of the § 3553(a) sentencing factors."

Section 3583(e) instructs courts imposing reimprisonment after supervised release revocation to consider the factors set forth in § 3553(a), including the nature and circumstances of the offense; the defendant's history; the need to deter future crime, protect the public, reflect the seriousness of the offense, and provide the defendant with necessary services like education and medical treatment; the Sentencing Commission's recommendations regarding sentence and policy; any pertinent policy statements; and sentence consistency for similar violations. *See* 18 U.S.C. §§ 3583(e), 3553(a); *Salinas*, 365 F.3d at 589; *Carter*, 408 F.3d at 854. The district court does not have to make findings as to each of the applicable § 3553(a) factors; it is sufficient if the court makes comments reflecting that it considered the appropriate factors. *See Carter,* 408 F.3d at 854; *Salinas*, 365 F.3d at 589; *Hale,* 107 F.3d at 530.

The revocation hearing transcript reflects that the district court sufficiently considered the § 3553(a) factors.  In particular, the court considered the nature and circumstances of the offense, and the defendant's history: "everything seems to be a series of petty stuff without a great deal of criminality except for the drugs"; "even the other arrests way back when he was much younger, and then again during his early thirties, all have to do with drugs and booze"; "my probation people . . . [have] given a tremendous amount of time in your case in trying to help you and get you back on track, and it hasn't worked"; "if you don't get a handle on this drug and this booze problem, if you don't get a handle on those drugs, you know what's going to happen . .  you're going to be in another courtroom"; "he's a good worker, he's got an ethic . . . when he does work, he can work and he does good work."  The court also considered the need to provide the defendant with necessary services like medical treatment: "I don't know what kind of liver you have . . . it's just a matter of time for that poor organ, it's going to give way"; "[your liver] will regrow if given a chance"; "you've even gone through BOP's 500-hour program.  It didn't do the trick."  Finally, the court considered the Sentencing Commission's recommendations regarding sentencing and policy, and pertinent policy statements: "[t]he Court does find that this was a Grade B violation, and the guideline policy statement provisions provide on counts one through five in this case eight to fourteen months to run concurrently.  However, these are not binding upon the Court, they are advisory only."

The judgment of the district court is therefore AFFIRMED.