UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2006
Decided May 30, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 05-2982, 05-3026 & 05-3073

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| *v.* | Nos. 1:04CR00201-002, 1:04CR00201-003 & 1:93CR00011-001 |
| DEANDRE DOUGLAS and DANIEL CANNON, *Defendants-Appellants.* | David F. Hamilton, *Judge.* |

**ORDER**

Deandre Douglas and Daniel Cannon conspired with several other individuals to rob a drug dealer of 20 kilograms of cocaine. They both pleaded guilty to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii), and one count of carrying a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1). Douglas and Cannon executed virtually identical plea agreements that include a waiver of the right to appeal their convictions and sentences "on any ground" if the district

court imposed no more than 270 months of imprisonment. The court accepted those agreements and sentenced both Douglas and Cannon to a total of 270 months. The court also imposed concurrent five-year terms of supervised release and $200 in special assessments. Douglas was ordered to pay a $500 fine. Cannon was on supervised release for prior convictions when he participated in the conspiracy, and his release was revoked as a consequence. His plea agreement does not cover the revocation, which resulted in an additional term of 60 months to be served consecutively to his 270-month sentence.

Douglas and Cannon filed appeals from their convictions and sentences, but the government moved to dismiss those two cases based on the appeal waivers in the plea agreements. Both appointed lawyers responded to the government's motions by moving to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because they cannot discern a nonfrivolous argument for appeal. Cannon's lawyer also moved under *Anders* to withdraw from Cannon's separate appeal of the revocation of his supervised release. Douglas and Cannon were invited to respond per Circuit Rule 51(b), and Douglas has done so. Since the *Anders* submissions are facially adequate, we review only the potential issues identified in those briefs and Douglas's response. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam). Counsel for both defendants spend much time discussing whether Douglas and Cannon could argue that their guilty pleas were involuntary. But it is not clear that either defendant wants his pleas set aside, and if they do not, this discussion was unnecessary. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

In any case, our review of the records shows that the district court substantially complied with Fed. R. Crim. P. 11. *See United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002). Douglas says in his response that he did not understand the plea agreement because his lawyer did not explain it to him, but any argument that his pleas should be set aside as involuntary for this reason is frivolous. Douglas stated under oath at his plea colloquy that his lawyer read the plea agreement to him and that he understood it. *See United States v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004) (explaining that representations made under oath during plea colloquy are presumed truthful); *United States v. Bridgeman*, 229 F.3d 589, 592 (7th Cir. 2000) (same).

As the defendants' guilty pleas were voluntary, it follows that the appeal waivers are valid. *See United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002) (appeal waiver "stands or falls" with the plea); *United States v. Behrman*, 235 F.3d 1049, 1051 (7th Cir. 2000); *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995). Therefore, the other potential arguments identified by counsel and Douglas are frivolous since the waivers preclude an appeal "on any ground."

Cannon's appeal of his supervised release revocation is not covered by the appeal waiver, however. The only potential argument counsel considers is whether an additional 60 months of imprisonment—which exceeds the range calculated under the applicable policy statements—was unreasonable. A period of reimprisonment imposed for violating supervised release is reasonable if the district court considered the applicable policy statements and the factors in 18 U.S.C. § 3553(a). *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005); *United States v. Salinas*, 365 F.3d 582, 588-89 (7th Cir. 2004). The district court did exactly that when sentencing Cannon. It was aware of the range called for by the policy statements and explained its decision to impose a longer period of imprisonment. In doing so, the court discussed many of the § 3553(a) factors, including the nature and seriousness of the violation, Cannon's prior history of violent crimes and poor behavior in prison, and the need to protect the public. Therefore, we agree with counsel that this potential argument is frivolous.

For the above reasons, we GRANT the motions to withdraw and DISMISS each of the three appeals.