**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2006
Decided June 2, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1651

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois |
| *v.* | No. 01-CR-30108-01-WDS |
| AMANDA JO SCHOENEWEIS, | William D. Stiehl, |
| *Defendant-Appellant.* | *Judge.* |

**ORDER**

Amanda Schoeneweis was convicted of possession with intent to distribute cocaine base (crack), 21 U.S.C. § 841(a)(1). While on supervised release for this offense, Schoeneweis violated several of the terms of that release. Schoeneweis did not contest any of the alleged violations at her revocation hearing. The district court accordingly revoked the release and imposed an additional 24 months of imprisonment and an additional 18 months of supervised release. Schoeneweis now appeals, but her appointed lawyer has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous issue for appeal. We invited Schoeneweis to respond per Circuit Rule 51(b), but she has not done so. Therefore, we will consider only those potential issues identified in

counsel's facially adequate brief.  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Counsel considers whether Schoeneweis could challenge as unreasonable the district court's decision to reimprison her for 24 months and impose an additional 18-month term of supervised release.  We agree with counsel that this potential issue is frivolous.  When imposing a term of reimprisonment for violating supervised release, a district court must consider the applicable policy statements and the sentencing factors in 18 U.S.C. § 3553(a).  *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005); *United States v. Salinas*, 365 F.3d 582, 588-89 (7th Cir. 2004).  The district court did all of this at Schoeneweis's revocation hearing.  It noted the range recommended by the policy statements.  The court then explained that it was imposing a longer term of reimprisonment because Schoeneweis's original sentence had been reduced due to her substantial assistance.  *See* U.S.S.G. § 7B1.4 cmt. n.4.  The district court also took into account Schoeneweis's history of drug abuse and the fact that she had resumed her "old habits" soon after being released from prison.  *See* 18 U.S.C. § 3553(a)(1); *see also Carter*, 408 F.3d at 854 (courts should consider the "nature and circumstances of the offense" and the "defendant's history and characteristics"); *Salinas*, 365 F.3d at 589 (same).

The only other potential issue counsel mentions is the possibility that Schoeneweis received ineffective assistance of counsel at her revocation hearing.  If Schoeneweis has such a claim, *cf. United States v. Eskridge*, 445 F.3d 930 (7th Cir. 2006), she can raise it in a petition for habeas corpus under 28 U.S.C. § 2255, *see, e.g., United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

For the above reasons, we GRANT counsel's motion and DISMISS the appeal.