**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 2, 2006
Decided November 3, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-2505

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> v. <br><br> JOSE ALVAREZ, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division <br><br> No. 2:03 CR 44 <br><br> James T. Moody, <br> *Judge.* |

**O R D E R**

In 2003 Jose Alvarez pleaded guilty to using a telephone to facilitate the commission of a drug offense, *see* 21 U.S.C. § 843(b), and was originally sentenced to 48 months' imprisonment followed by 12 months' supervised release.  He successfully completed his prison term but violated the conditions of his supervised release when he tested positive for cocaine and missed or refused subsequent drug tests.  The district court revoked Alvarez's supervised release and reimprisoned him for 12 months.  Alvarez filed a notice of appeal, but his appointed lawyer now moves to withdraw because she cannot discern a nonfrivolous basis for the appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  For his part, Alvarez accepted our invitation to comment on counsel's motion.  *See* Cir. R. 51(b).  Because counsel's supporting brief is facially adequate, we limit our review to the potential issues

identified by counsel and Alvarez.  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

The procedural history of this case is not fully developed in counsel's brief. On December 1, 2004, Alvarez was placed on supervised release.  As a condition of his release, he was required to refrain from using drugs and to participate in a drug-treatment program.  On August 12, 2005, Alvarez tested positive for cocaine. He also failed to attend nearly a dozen appointments for drug testing and treatment between August 25, 2005, and October 27, 2005.  In November 2005, approximately two weeks prior to the expiration of Alvarez's supervised release, his probation officer petitioned the district court to revoke the term of supervised release.  A summons issued on that petition, which by statute extended Alvarez's release until the petition could be resolved.  *See* 18 U.S.C. § 3583(i) (explaining that supervised release is extended for "any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation").  Subsequently, Alvarez again tested positive for cocaine, refused drug testing, and admitted to his probation officer that he had a "serious addiction."  His probation officer amended the petition to revoke, but before Alvarez's case could be heard by the district court, Alvarez and the probation office entered into an agreement that Alvarez would voluntarily participate in a residential-treatment program.  They called their agreement an "intermediate sanction" or "special condition" of release and agreed to defer the revocation hearing until after Alvarez completed the program.  In January 2006 Alvarez entered residential treatment.  But on March 8, 2006, he refused drug testing at the facility, was belligerent to staff in violation of the facility's rules, and was recommended for removal from the program.  On March 10, 2006, Alvarez's probation officer again amended the petition to revoke, incorporating into the petition all of Alvarez's violations from August 2005 through March 2006.

At the revocation hearing, the district court found that Alvarez had violated the conditions of his supervised release.  As an initial matter, Alvarez conceded that his participation in the residential-treatment program had been voluntary.  He also admitted to testing positive for cocaine and missing scheduled drug tests on multiple occasions between August 2005 and January 2006.  He denied, however, committing any violation on March 8, 2006.  Based solely upon conduct admitted by Alvarez, the district court found that Alvarez had committed Grade B violations of his supervised release.  The court made no finding as to the alleged violation on March 8.  The court then calculated an advisory guidelines range of 21 to 27 months' imprisonment but noted that it could sentence Alvarez to no more than 12 months.  *See* 18 U.S.C. § 3583(e)(3).

In his *Anders* brief counsel first considers whether Alvarez could argue that the district court abused its discretion by revoking his supervised release.  Even

though Alvarez now contends that the original petition to revoke was "bogus," he admitted at the revocation hearing that in August 2005 he tested positive for cocaine and subsequently failed to comply with the drug-testing condition of his release. In light of those admissions, the court was required to revoke his supervised release. *See* U.S.S.G. § 7B1.3(a)(1). Thus any challenge on this ground would be frivolous. *See, e.g., United States v. Dillard*, 910 F.2d 461, 464-65 (7th Cir. 1990) (finding no abuse of discretion where probationer admitted violations).

Counsel next considers whether Alvarez could argue that his 12-month term of imprisonment is unreasonable. When imposing a term of reimprisonment for violating a condition of supervised release, a district court must consider the applicable policy statements and sentencing factors in 18 U.S.C. § 3553(a). *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005); *United States v. Salinas*, 365 F.3d 582, 588-89 (7th Cir. 2004). Alvarez's most serious violation was Grade B and his criminal-history category was VI, which yielded an advisory guidelines range of 21 to 27 months' imprisonment. *See* U.S.S.G. § 7B1.4(a). Yet the district court was limited by statute to sentencing him to a maximum of 12 months. *See* 18 U.S.C. § 3583(e)(3). In choosing to impose the maximum allowable term of imprisonment, the district court considered that Alvarez had attempted rehabilitation during the course of his release but "always get[s] drawn back into this drug usage." *See id.* § 3553(a)(1), (2). We therefore agree with counsel that any challenge to the reasonableness of his sentence would be a frivolous.

Finally, Alvarez asks us to consider whether he could argue that imposition of the "intermediate sanction" in January 2006 prohibited the district court from considering violations that occurred prior to that time. Agreements between the probation office and the probationer do not "bind the district court or deprive it of the power to inquire into a violation" of the conditions of supervision. *See United States v. Feinberg*, 631 F.2d 388, 391 (5th Cir. 1980). Prior to the initial hearing on the second amended petition, Alvarez and his probation officer agreed that Alvarez would voluntarily enter residential treatment to address his escalating drug use and dependency. At the hearing, Alvarez admitted to repeatedly violating the conditions of his supervised release between August 2005 and January 2006 but asked the court to "defer" the final revocation hearing until after he had completed treatment. In his Rule 51(b) response, Alvarez explains that he understood this agreement to mean that if he successfully completed treatment his supervised release would be discharged; if he did not, he would go to prison. And there is no indication in the record that the probation officer agreed to or did withdraw the petition. So when the probation officer amended the petition for a third time to reflect that Alvarez was terminated from the treatment program after he refused to comply with the facility's rules, the district court proceeded with the final revocation hearing, where it had authority to determine whether revocation was

warranted and on what grounds. *See* 18 U.S.C. § 3583(e)(3). Accordingly, this argument too would be frivolous.

For the foregoing reasons, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.