NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 17, 2007
Decided January 19, 2007

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

No. 06-3063

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 01-10011-001 |
| DELBERT R. HOLM, *Defendant-Appellant.* | Michael M. Mihm, *Judge.* |

**O R D E R**

Delbert Holm was convicted in 2002 of possessing child pornography, *see* 18 U.S.C. § 2252(a)(4)(B), and was initially sentenced to 59 months' imprisonment and 3 years' supervised release. When Holm appealed, we affirmed his conviction but remanded for resentencing because the district court had miscalculated the guidelines imprisonment range and imposed a condition of supervised release (a total ban on Internet use) that was unduly restrictive. *See United States v. Holm*, 326 F.3d 872 (7th Cir. 2003). On remand the court recalculated the imprisonment range and resentenced Holm to 46 months' imprisonment and 3 years' supervised release, this time limiting the restriction on Internet use to a ban against receiving or sending "sexually arousing material, including child pornography."

Holm served his time in prison and began his term of supervised release in June 2005. Less than a year later his probation officer found child pornography in his home and petitioned for revocation of his supervised release. *See* U.S.S.G. § 7B1.2(a). After a hearing, the district court revoked Holm's supervised release, finding that he violated both the mandatory condition that he not commit further crimes, *see* 18 U.S.C. § 3583(d), and a special condition that prohibited him from possessing "any material, legal or illegal, that contains nudity or that depicts or alludes to sexual activity or depicts sexually arousing material." The court calculated, based on a Grade B violation and a Category I criminal history, a recommended imprisonment range of 4 to 10 months under the relevant policy statements. *See* U.S.S.G. § 7B1.4(a). But, convinced that Holm would commit the crime again, the court imposed a 24-month term of reimprisonment to be followed by 12 months of further supervised release.

Holm filed a notice of appeal, but his appointed counsel now moves to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Holm to respond to counsel's brief, *see* Cir. R. 51(b), but he has not done so. Counsel's supporting brief is facially adequate, so we limit our review to the potential issues identified by counsel. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Holm could argue that the government failed to adduce sufficient evidence that he violated a condition of his supervised release. Before revoking a term of supervised release, the district court must find by a preponderance of the evidence that the defendant violated a condition of his release. *See* 18 U.SC. § 3583(e)(3); *United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir. 2001). At Holm's revocation hearing, two probation officers testified that while searching his home they found a stack of photographs of children under 12 engaged in sexual acts and poses, as well as additional files containing child pornography on Holm's laptop computer. A detective from the FBI Cyber Crimes Task Force testified that the laptop contained, all told, 398 images of nude children or children engaged in lascivious acts. The detective added that all of those images were downloaded onto the laptop after Holm was released from prison, and the district court reasoned that Holm knew about the images because analysis of the hard drive had shown that the files were accessed after they were created. Holm admitted that he possessed the photographs—all of which were part of the evidence that led to his 2002 conviction—but he maintained that the district court had authorized him to retain the photographs for use on appeal. The court rejected this contention as preposterous and noted, in any event, that Holm's appeal was long over. Moreover, Holm's explanation for having the photographs ignores the files that were downloaded to his laptop after he was released from prison. Thus, we agree with counsel that it would be frivolous for Holm to argue that the hearing evidence did not establish by a preponderance that he again possessed child pornography

contrary to both conditions of his supervised release. *See United States v. Myers*, 355 F.3d 1040, 1042 (7th Cir. 2004); 18 U.S.C. § 2252(a)(4)(B).

Counsel next considers whether the term of reimprisonment could be challenged on reasonableness grounds. We would uphold the additional prison term unless it is "plainly unreasonable." *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005). The district court was required to consider the applicable policy statements and the sentencing factors in 18 U.S.C. § 3553(a), *see id.*, but the imprisonment ranges set out in the policy statements are, and always have been, advisory. *See* U.S.S.G. Ch. 7, Pt.A(1); *Carter*, 408 F.3d at 854; *United States v. Wallace*, 458 F.3d 606, 610-11 (7th Cir. 2006). The district court chose to impose a term above the range because Holm had again committed the very same crime, had shown "no remorse," and apparently saw nothing wrong with child pornography. The court was not persuaded that Holm should receive a shorter prison term because he was 61 and in poor health, and instead the court felt compelled to protect the public from Holm, whose swift recidivism confirmed for the court that, without imprisonment, he would "find a way to go right back to doing this again." The court also took into account the number of children and the repetitive victimization of each from continuous dissemination and viewing of the images. As in *Carter*, the district court adequately explained its reasons for imposing a longer term of reimprisonment than that recommended by the guidelines. *See Carter*, 408 F.3d at 854-55 (concluding that defendant's "pattern of serial conduct and of non-compliance with the requirements of supervised release" merited reimprisonment at twice the recommended range). Accordingly we agree with counsel that it would be frivolous to argue that Holm's sentence is plainly unreasonable.

We GRANT counsel's motion to withdraw, and DISMISS the appeal.