NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 8, 2007
Decided August 30, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-4201

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> ELLIS FRANKLIN, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 03 CR 1037 <br><br> Suzanne B. Conlon, <br> *Judge.* |

## O R D E R

Ellis Franklin served eight months in prison for defrauding the Department of Housing and Urban Development. While on supervised release following his prison term, he committed another crime—preparing fraudulent documents. He was sentenced to a imprisonment term of 12 months, and now appeals this sentence. We affirm.

Franklin and a woman schemed to defraud the Department of Housing and Urban Development by improperly obtaining Section 8 housing assistance payments. Franklin falsely represented to HUD that he owned a property and that he rented it to the woman. Relying on these misrepresentations, HUD disbursed over $26,000 in housing assistance payments to Franklin. In December 2003 he pleaded guilty to mail fraud, *see* 18 U.S.C. § 1341, and in February 2004 was

sentenced to eight months' imprisonment to be followed by two years' supervised release. He was also ordered to pay a special assessment, a fine, and $26,281 in restitution. While on supervised release, Franklin failed to make the ordered restitution payments, and in August 2006 the district court modified the conditions of his supervised release and ordered that he serve the remainder of his term at a Salvation Army center.

Two months later, Franklin violated the terms of his supervised release by (1) committing a crime, specifically producing counterfeit documents including checks, tax bills, and payroll receipts and (2) failing to tell his probation officer that his home address changed. At the revocation hearing, Franklin admitted these violations.

The district court imposed a 12-month term of imprisonment—at the top end of the recommended Revocation Table range—to be followed by a 24-month period of supervised release. In arriving at this term of imprisonment, the court considered the recommended range of 6 to 12 months. It also noted that it was "disappointed" that Franklin violated the terms of his supervised release, especially in light of his "eloquent statement" at his sentencing hearing for mail fraud. The court further observed that "preparing false documents" can "hurt or mislead innocent people." Franklin raised only one mitigating factor—that his sole motivation was the desire to help others—but the court rejected it, explaining that "preparing fraudulent documents, whatever your reasons, that is not the way to help people." Finally the court granted the government's motion, filed under seal, requesting a delay in Franklin's reporting date because Franklin was providing assistance to the government.

On appeal, Franklin challenges his 12-month term of imprisonment, arguing that the district court failed to take into account all of the 18 U.S.C. § 3553(a) factors. Franklin offers a list of reasons why he believes a 12-month term is too harsh, including because it is 50% longer than his original prison term for the underlying offense; because he has not been charged with the criminal conduct that led the court to revoke his supervised release; and because he did not get credit for his assistance to the government.

Before *United States v. Booker*, 543 U.S. 220 (2005), we would uphold a term of imprisonment upon the revocation of supervised release unless it was "plainly unreasonable." 18 U.S.C. § 3742(e)(4); *see United States v. Flagg*, 481 F.3d 946, 948-49 (7th Cir. 2007). Since *Booker*, there has been some debate as to whether that standard or a "reasonableness" standard applies. *See id. Compare United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007) (applying *Booker* reasonableness standard); *United States v. Miqbel*, 444 F.3d 1173, 1176 n.5 (9th Cir. 2006) (same); *United States v. Tyson*, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (same);

*United States v. Tedford*, 405 F.3d 1159, 1161 (10th Cir. 2005) (same); *United States v. Fleming*, 397 F.3d 95, 99 (2d Cir. 2005) (same); *with United States v. Crudup*, 461 F.3d 433, 437 (4th Cir. 2006) (continuing to apply plainly unreasonable standard post-*Booker*); *United States v. Johnson*, 403 F.3d 813, 816-17 (6th Cir. 2005) (questioning reasoning behind application of reasonableness standard). We have yet to determine which standard should be applied, *see Flagg*, 481 F.3d at 949, but we need not do so here, since we would affirm the sentence under either standard.

When imposing a term of imprisonment for violating supervised release, a district court must consider the sentencing factors in 18 U.S.C. § 3553(a) and Sentencing Commission's policy statements. *See Flagg*, 481 F.3d at 951; *United States v. Salinas*, 365 F.3d 582, 588-89 (7th Cir. 2004); *United States v. Marvin*, 135 F.3d 1129, 1136 (7th Cir. 1998). And it does not have to make findings as to each of the factors, as long as its analysis shows that it considered the appropriate factors. *See United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005); *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). The district court did that here. Specifically, it took into account Franklin's history and characteristics by noting its "disappoint[ment]" that Franklin had committed fraud once again. *See* 18 U.S.C. § 3553(a)(1). The court also considered the nature and seriousness of his offense and the need to protect the public by observing that his supervised release violation operated to "hurt or mislead innocent people." *See id.* § 3553(a)(1), (2)(A), (2)(C). The district court's decision to sentence Franklin to 12 additional months was neither plainly unreasonable nor unreasonable.

AFFIRMED.