**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted August 8, 2007[*]
Decided November 2, 2007

*Before*

Honorable RICHARD A. POSNER, *Circuit Judge*

Honorable ILANA DIAMOND ROVNER, *Circuit Judge*

Honorable ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-2372

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Appeal from the United States |
| *Plaintiff-Appellee,* | ) | District Court for the Southern |
| | ) | District of Indiana, Indianapolis |
| | ) | Division |
| *v.* | ) | |
| | ) | No. 93 CR 11 |
| DANIEL P. CANNON, | ) | |
| | ) | Hon. David F. Hamilton, *Judge* |
| *Defendant-Appellant.* | ) | |

**O R D E R**

Daniel P. Cannon admitted violating the terms of his supervised release by conspiring to possess, with the intent to distribute, more than five kilograms of cocaine and possessing a firearm during and in connection with a drug trafficking offense. The district court revoked Cannon's release and imposed a prison term of 60 months for the violation, to be served consecutively to the 270-month term he received on the crimes that triggered the revocation. We initially dismissed

---

[*] Pursuant to Seventh Circuit Internal Operating Procedure 6(b), this successive appeal was submitted to the panel of judges that disposed of the Gilbert's prior appeal.

Cannon's appeal of the sentence he received on the revocation of his supervised release, concluding that the appeal was frivolous. *United States v. Douglas*, 182 Fed. Appx. 558, 559 (7th Cir. 2006). Subsequently, however, we discovered that Cannon did have a non-frivolous issue to raise with respect to that sentence: the sentence appeared to exceed the statutory maximum term for the violation of his supervised release. We therefore vacated the relevant portion of our original order, recalled the mandate, reinstated Cannon's appeal, and ordered briefing of the issue we had identified. *United States v. Cannon*, No. 05-3073 (7th Cir. Oct. 18, 2006) (unpublished order). The parties subsequently agreed that Cannon's sentence exceeded the statutory maximum and that he was therefore entitled to resentencing. In light of that agreement, we summarily vacated Cannon's sentence and remanded the case to the district court for resentencing. *United States v. Cannon*, No. 05-3073 (7th Cir. April 12, 2007) (unpublished order). On remand, the district court ordered Cannon to serve a prison term of 24 months, the maximum permissible term.[**]

Cannon has again appealed, but his counsel has come to the conclusion that Cannon has no issue of arguable legal merit left to pursue. Counsel has filed a motion for leave to withdraw along with a brief documenting his conclusion that Cannon's current appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 1400 (1967). In that brief, counsel has identified and discussed the sole issue that counsel believes Cannon might raise in this appeal and concluded that Cannon can make no non-frivolous argument with respect to that issue. Pursuant to Circuit Rule 51, we invited Cannon to file a response to his counsel's motion to withdraw and to the *Anders* brief. The 30-day deadline we set for his response has come and gone without him filing anything. Counsel's *Anders* brief is adequate on its face. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam). Therefore, we shall confine our consideration to the potential appellate issue that his counsel has identified. *See United States v. Wagner*, 103 F.3d 551 (7th Cir. 1996).

---

[**] The government noted on remand that, depending on whether the district court had originally intended to impose one or two terms of supervised release, the court potentially was free in revoking Cannon's release to impose two separate prison terms of 24 months each, to run consecutively to one another. R. 11 at 4; *see also United States v. Cannon*, No. 05-3073 (7th Cir. Oct. 18, 2006) (unpublished), citing *United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir. 2006) (consecutive terms of imprisonment may be imposed when court revokes multiple terms of supervised release). However, the government did not ask the court to impose two consecutive prison terms, and the district court indicated that it was disinclined to impose more than one term. *Id.*

Counsel concludes that the only issue Cannon might pursue at this juncture is the reasonableness of the 24-month sentence that the district court imposed on remand. The new sentence comports with the statutory maximum of two years. *See* 18 U.S.C. 3583(e)(3). Counsel notes that in *United States v. Flagg*, 481 F.3d 946, 949 (7th Cir. 2007), *cert. denied*, 2007 WL 1812221 (Oct. 1, 2007), we left open the question whether, after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), a sentence imposed after the revocation of supervised release may be set aside only if it is "plainly unreasonable," as we had held prior to *Booker*, or rather if it is simply "unreasonable." Last month, however, we resolved the question, concluding that such a sentence may only be set aside if it is plainly unreasonable. *United States v. Kizeart*, — F.3d —, 2007 WL 2938374 (7th Cir. Oct. 10, 2007).

We agree with counsel that Cannon has no plausible basis on which to argue that his 24-month sentence is plainly unreasonable. The record reveals that the district court properly considered the policy statements set forth in Chapter Seven of the U.S. Sentencing Guidelines and the sentencing factors identified in 18 U.S.C. §§ 3553(a) and 3583(e). R. 6 at 24-27; R. 8 at 5-8; *see United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005). Cannon's criminal history includes multiple violent acts and a prison disciplinary record that the district judge described as "terrible." R. 8 at 7. The criminal conduct that resulted in the revocation of his supervised release itself involved firearms and posed the potential for even more violence. R. 11 at 7. Finally, based on the nature of the conduct resulting in the revocation and Cannon's criminal history category, the Guidelines recommended a sentence of 37 to 46 months, *see* U.S.S.G. § 7B1.4(a); R. 8 at 8; it was only by virtue of the fact that the floor of the recommended range exceeded the maximum sentence allowed by statute that the statutory maximum term of two years became the recommended sentence, *see* U.S.S.G. § 7B1.4(b)(1), which of course is the very term that the district court imposed.

For these reasons, we conclude that Cannon's appeal is legally frivolous. We therefore GRANT his counsel's request to withdraw and DISMISS the appeal.