NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2010
Decided October 21, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 10-1458

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | 04-CR-112-C-02 |
| | |
| SASHA M. DENNIS, | Barbara B. Crabb, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Sasha Dennis was convicted of selling crack cocaine, *see* 21 U.S.C. § 841(a)(1), and was sentenced in December 2004 to 75 months' imprisonment and 36 months' supervised release. The prison term was eventually reduced to time served, *see* 18 U.S.C. § 3582(c)(2), and in March 2008 she was released. Dennis began her supervised release on a promising note by getting a job, maintaining a stable residence, and completing outpatient drug and alcohol treatment. But in early 2009 she was arrested several times on charges ranging from battery and disorderly conduct to driving on a revoked license. She also ignored conditions requiring her to abstain from alcohol and submit monthly reports to her probation officer.

After two more arrests in July 2009, Dennis agreed to a modification requiring her to spend 120 days in a halfway house, but she was expelled after possessing contraband and

going to a casino while claiming to be at a Narcotics Anonymous meeting.  This time Dennis agreed to 180 days' home detention with electronic monitoring.  But less than five weeks later, in February 2010, the probation officer petitioned for revocation after Dennis left her home without permission, lied to the probation officer, resumed drinking, and incurred yet another citation for disorderly conduct.  At her revocation hearing Dennis stipulated to the alleged violations and consented to reimprisonment.  She argued for a 4-month term, within the 3- to 9-month guidelines range, but the district court imposed a term of 24 months.

Dennis has filed a notice of appeal, but her appointed appellate lawyer moves to withdraw on the ground that the case is frivolous.  *Anders v. California*, 386 U.S. 738 (1967).  Dennis has not accepted our invitation to respond to counsel's motion.  *See* CIR. R. 51(b).  We confine our review to the potential issues in counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).  We grant counsel's motion to withdraw and dismiss the appeal.

Counsel informs us that Dennis does not seek to challenge the revocation.  Accordingly, counsel has appropriately omitted possible claims about the district court's decision to revoke Dennis's supervised release.  *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010).

The only potential issue identified by counsel is whether Dennis could challenge the length of her reimprisonment as plainly unreasonable.  *See United States v. Kizeart*, 505 F.3d 672, 673 (7th Cir. 2007).  To reach a reasonable sentence, a district court must first analyze the recommended reimprisonment ranges in U.S.S.G § 7B1.4 and then consider the sentencing factors listed in 18 U.S.C. § 3553(a).  *United States v. Neal*, 512 F.3d 427, 438-39 (7th Cir. 2008).  When a district court follows this two-step analysis and concludes that a pattern of noncompliance with the requirements of supervised release compels reimprisonment of a term beyond the guidelines range, that conclusion will not be plainly unreasonable.  *See United States v. Carter*, 408 F.3d 852, 854-55 (7th Cir. 2005).

In this case the district court first acknowledged that her Grade C violations and Category I criminal history yielded a reimprisonment range for Dennis of just 3 to 9 months.  *See* U.S.S.G. § 7B1.4.  The court then evaluated the § 3553(a) factors, including Dennis's need to receive treatment for alcohol abuse and society's needs to hold her accountable for her actions and be protected from her criminal behavior.  *See id.* at § 3553(a)(2)(A-D).  In light of Dennis's repeated disregard for her conditions of supervised release, the court concluded that reimprisonment for 24 months, the maximum allowable period, was necessary.  *See* 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. §§ 3559(a)(3), 3583(e)(3).  The district court's analysis was sufficient, and we agree with counsel that any challenge to the choice of 24 months would

be frivolous.  Accordingly, we GRANT counsel's motion to withdraw and **DISMISS** the appeal.