# United States Court of Appeals

## For the First Circuit

No. 01-2643

UNITED STATES OF AMERICA,

Appellee,

v.

EDWIN C. ALLEN, II,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Torruella, Circuit Judge,

Stahl, Senior Circuit Judge,

and Howard, Circuit Judge.

David Abraham Silverman, for appellant.
F. Mark Terison, Senior Litigation Counsel, with whom Paula D.
Silsby, United States Attorney, was on brief, for appellee.

December 10, 2002

**TORRUELLA**, <u>Circuit Judge</u>.  Defendant-appellant, Edwin C. Allen, appeals the special conditions of his supervised release. Because we do not find that the district court erred in imposing the conditions, we affirm.

## I.  Background

On April 27, 2001, Allen pled guilty to a single count of tax evasion for making a false claim on a financial statement. Based upon a claim of diminished mental capacity, Allen sought a downward departure from the sentencing range listed in the United States Sentencing Guidelines (U.S.S.G.).[1]  The district court refused his request and on November 5, 2001 sentenced him to eight months imprisonment followed by three years of supervised release.

Allen makes two arguments attacking the special conditions imposed. First, he argues that three conditions are overbroad and involve a greater deprivation of liberty than is reasonably necessary for the purposes of his supervised release. Second, he contends that the special condition requiring that he attend mental health treatment improperly delegates judicial authority to the probation officer.

## II.  Standard of Review

Ordinarily, we would review the imposition of special conditions of supervised release for abuse of discretion.  <u>United</u>

---

[1] Applying the 2000 Sentencing Guidelines, Judge Hornby found that Allen fell in the Zone C range of eight to fourteen months imprisonment.

<u>States</u> v. <u>Peppe</u>, 80 F.3d 19, 22 (1st Cir. 1996). However, because Allen had an opportunity to object to the special conditions and failed to do so, we review for plain error only. <u>Id.</u> "The plain error hurdle is high. Under the standard, we may set aside the challenged portion of the instant sentence if, and only if, the appellant succeeds in showing an obvious and clear error under current law that affected his substantial rights." <u>United States</u> v. <u>Brown</u>, 235 F.3d 2, 4 (1st Cir. 2000) (citations and internal quotation marks omitted). However, "[e]ven then, we may decline to correct an error that does not seriously affect the fairness, integrity or public reputation of judicial proceedings." <u>Id.</u>

### III.  Overbreadth Challenges

U.S.S.G. § 5D1.3 governs the conditions of supervised release. The court may impose additional conditions where they are reasonably related to the offense and the history of the defendant, as long as they do not deprive the defendant of a greater amount "of liberty than is reasonably necessary" to deter criminal conduct and to protect the public from the defendant. U.S.S.G. § 5D1.3(b) (2000).[2]  The Federal Sentencing Commission ("the Commission")

---

[2]  U.S.S.G. § 5D1.3(b) states in its entirety:

> (b) The court may impose other conditions of supervised release to the extent that such conditions (1) are reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the

provides a list of "special conditions" that it recommends in specified circumstances. U.S.S.G. § 5D1.3(d). We now consider the special conditions that Allen challenges.

## A. Financial Information and Credit Limitations

Allen argues that the provisions requiring that he "provide the probation officer with access to any requested financial information" and limiting his ability to obtain credit are overbroad in violation of section 5D1.3(b).[3] Far from committing error, the district court imposed special conditions that the Commission specifically recommends for defendants, such as Allen, who are paying fines in installments. U.S.S.G. § 5D1.3(d) (2)-(3). Consequently, Allen has not established that the district court imposed these conditions in clear error.

## B. Alcohol Prohibitions

Allen next challenges the special condition prohibiting his possession of alcohol and his presence at establishments primarily serving alcohol. The condition provides:

---

defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission.

[3] It is notable that the credit condition does not prevent Allen from obtaining credit; it merely requires that he gain approval from his probation officer before applying for credit.

-4-

> Defendant shall not at any time be in possession, joint, sole, actual or constructive, of any alcoholic beverage. He shall not associate with individuals consuming alcoholic beverages, shall not frequent business establishments whose primary product to the consumer is alcoholic beverages, and shall not use any medication containing alcohol without permission from the probation officer or a prescription from a licensed physician.

Allen argues that the condition is overbroad and that there is not an adequate relationship between the nature and circumstances of his offense and the special condition imposed.

Allen has not shown that the alcohol condition is so broadly drawn or divorced from the nature and circumstances of his offense that it constitutes clear error. The record contains ample evidence of Allen's history of alcohol abuse, including a conviction for driving while under the influence of alcohol. In addition, defense counsel argued that Allen's mental illness contributed to the commission of his crime, and that Allen's abuse of alcohol exacerbated the symptoms of the mental illness. Based on the record, the district court did not commit obvious error in concluding that Allen's history of alcohol abuse required a stiff prohibition,[4] see United States v. Thurlow, 44 F.3d 46, 47 (1st Cir. 1995) (upholding a special condition prohibiting the use and possession of alcohol where the record showed a history of alcohol

---

[4] Allen can petition for a change in the condition if it is applied unreasonably. See 18 U.S.C. § 3583(e).

-5-

abuse), and that there was "an adequate relationship between the nature and circumstances of the offense, the demonstrated propensities of the offender and the special condition attached to the offender's release," Brown, 235 F.3d at 7. Far from erring, the district court created an alcohol prohibition reasonably related to Allen's history of alcohol abuse and to permissible goals of supervised release, including Allen's rehabilitation and protection of the public.

## IV. Delegation Argument

Finally, Allen claims that Judge Hornby impermissibly delegated judicial authority to the probation officer when he ordered, as a special condition of supervised release, that "[d]efendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer." According to Allen, this condition is an unlawful delegation because it empowers the probation officer to decide whether and for how long Allen must participate in mental health treatment.

While "[c]ases or controversies committed to Art. III courts cannot be delegated to nonjudicial officers for resolution[,] [t]hat general principle does not . . . prohibit courts from using nonjudicial officers to support judicial functions, as long as that judicial officer retains and exercises

-6-

ultimate responsibility." United States v. Johnson, 48 F.3d 806, 809 (4th Cir. 1995); see also United States v. Raddatz, 477 U.S. 667, 683 (1980) (holding that "so long as the ultimate decision is made by the district court," delegation to a magistrate judge does not violate Article III); cf. United States v. Merric, 166 F.3d 406, 409 (1st Cir. 1999) (vacating a sentence in which the judge delegated final authority over defendant's fine payment schedule to the probation officer). Allen relies on cases outside this Circuit for his claim that this special condition amounted to an unlawful delegation. See United States v. Peterson, 248 F.3d 79 (2d Cir. 2001); United States v. Kent, 209 F.3d 1073 (8th Cir. 2000). Unlike Allen, we do not read these opinions as announcing -- nor do we adopt -- a general rule that counseling clauses such as the one before us are prohibited. However, these cases do provide persuasive guidance for the proposition that special conditions of probation should be evaluated in light of the facts of the case as reflected by the entire record. In Kent, the Eighth Circuit vacated the district court's imposition of a special condition requiring the defendant to attend psychological counseling because it appeared that the "probation officer, as opposed to the court, would retain and exercise ultimate responsibility over the situation." Kent, 209 F.3d at 1079. Crucially, the court made this determination after examining the entire record and finding both that the trial judge had stated outright that the parole

officer would be the one to determine whether defendant had to attend counseling and that the record did not demonstrate that the defendant had mental health problems. Id. at 1075, 1078-79. Citing to Kent, the Second Circuit provided a concise rule for delegations of psychiatric counseling:

> If [the defendant] is required to participate in a mental health intervention only if directed to do so by his probation officer, then this special condition constitutes an impermissible delegation of judicial authority to the probation officer. On the other hand, if the District Court was intending nothing more than to delegate to the probation officer details with respect to the selection and schedule of the program, such delegation was proper.

Peterson, 248 F.3d at 85 (citations omitted).

When we examine the record, it becomes evident that Judge Hornby was merely directing the probation officer to perform ministerial support services and was not giving the officer the power to determine whether Allen had to attend psychiatric counseling. The record contains many references to Allen's mental illness. For example, defense counsel submitted an affidavit from Allen's doctor, Ronald S. Ebert, who "found that there was a history suggestive of a mental illness as well as alcohol abuse" and opined that Allen was "suffering from a major depressive disorder characterized by mood disorder, depression, disorganized and confused thinking, anxiety and irritability." Defense counsel stated Dr. Stephanie Brody diagnosed Allen with "affective mental

-8-

illness."  Defense counsel argued that Allen's mental illness contributed to the commission of Allen's crime and asked the court to impose mental health treatment as a condition of probation, if the court agreed to a reduction in his sentence.  The extensive evidence of Allen's mental illness indicates that the court was imposing mandatory counseling and delegating the administrative details to the probation officer, actions constituting a permissible delegation.  See Peterson, 248 F.3d at 85.

## V.  Conclusion

For the reasons stated above, we **affirm.**