NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 23, 2007
Decided January 17, 2008

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 07-2061

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 97-CR-40018 |
| CHAD V. CUTLER, *Defendant-Appellant.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

Chad Cutler suffers from a severe drug addiction. His current troubles began in May 1997, when he was convicted of conspiracy to distribute cocaine base. He served eight years in prison but never rid himself of his habit. Just two weeks after he was released, Cutler violated the conditions of his supervised release; it was ultimately revoked. At the revocation hearing (it would be the first of two), the judge sentenced him to eight months in prison and another term of supervised release. The judge also specified that Cutler should spend the first six months of his supervised release in "an Intensive Drug Treatment Program." When Cutler was released, however, he was not placed in an inpatient program. Instead, he was placed in "Level 1, outpatient" treatment. Basically, Cutler was released onto the

street and he immediately relapsed. His supervised release was revoked again and the district judge, apparently frustrated with Cutler's inability or unwillingness to stay clean, sentenced him to three years in prison. Cutler now appeals, claiming that the sentence is unreasonable. He argues that the probation office's failure to provide him with inpatient drug treatment after his release was an "illegal modification" of the terms of his release and should have been considered as a mitigating factor in his sentencing. We do not believe that the sentence was plainly unreasonable, and so we AFFIRM.

## I. BACKGROUND

Chad Cutler pleaded guilty to conspiracy to distribute cocaine base on May 22, 1997. *See* 21 U.S.C. §§ 841, 846 (2006). He was sentenced to 101 months of imprisonment and five years of supervised release. Cutler was released from prison on February 2, 2005; he tested positive for drugs a week later. The Government filed a revocation petition and, on February 24, 2006, Cutler's supervised release was revoked for drug use, associating with a convicted felon, failure to submit reports, failure to make fine payments and failure to participate in drug treatment. Cutler admitted that he had a serious drug problem and asked the judge to provide him with intensive treatment so he would have a chance to succeed on supervised release. Cutler was sentenced to eight months of incarceration and thirty-six months of supervised release, with the special condition that he spend the first six months of supervised release in "an Intensive Drug Treatment Program." While serving the eight-month prison term, Cutler continued to use drugs.

Cutler was released to a second term of supervised release on September 26, 2006. For reasons that are unclear, Cutler was not placed in an inpatient treatment program. Instead, the probation office scheduled Cutler for a substance abuse evaluation on December 19, 2007. The appointment was subsequently rescheduled, so the evaluation did not take place until January 5, 2007. The probation office determined that Cutler required only "Level 1, out-patient" treatment. In the meantime, Cutler had been out on the street. By January 5, Cutler had already tested positive for drugs on three occasions.

The Government filed a second revocation petition on February 6, 2007. The petition alleged that Cutler had violated the terms of his supervised release by committing domestic battery, failing to notify the probation office of his arrest within seventy-two hours, possessing illegal drugs and failing to participate in a substance abuse program. Cutler appeared before the district judge on April 18, 2007 and admitted the allegations in the petition. Cutler admitted to either using drugs or testing positive for drugs on October 5, 2006, November 3, 2006, December 5, 2006, January 5, 2006 and January 8, 2007. His possession of illegal drugs was a Grade B violation that carried with it a sentencing range of eight to fourteen

months under the U.S. Sentencing Guidelines. The Government requested the statutory maximum of fifty-two months imprisonment with no supervised release. The Government did not believe that Cutler was interested in rehabilitating himself; it emphasized that Cutler had begun to use drugs immediately after his release from prison and had failed to cooperate with his probation officer. Cutler requested a sentence of time served and six months in a residential treatment center. Cutler emphasized that probation had failed to give Cutler the tools necessary for him to successfully rehabilitate himself. The district court responded to this plea as follows: "Whether it's Probation's fault or not and whether my order was followed or not is of no consequence if you have no desire to get off drugs and, obviously, you don't. You're not even attempting to get off the drugs." Cutler was sentenced to thirty-six months in prison and sixteen months of supervised release, again with the special condition that he spend the first six months of supervised release in an intensive drug treatment program.

## II. THE "ILLEGAL MODIFICATION" OF THE CONDITIONS OF RELEASE

Cutler's first argument on appeal is that the probation office "illegally modified" the conditions of his supervised release by placing him in an outpatient drug treatment program.[1] Cutler argues that the "modification" was illegal because it failed to comply with the procedures laid out in Federal Rule of Criminal Procedure 32.1 (Rule 32.1). This argument, however, is a nonstarter. Rule 32.1 regulates the procedures that *the sentencing court* must follow when it hears a petition for clarification, modification or revocation of a term of supervised release. It does not apply to the probation office. We believe that Cutler has simply misunderstood the function and purpose of Rule 32.1.

We begin by clarifying the basic principles. The power to impose special conditions of supervised release was created by statute and is clearly vested in the sentencing court alone. *See* 18 U.S.C. § 3583(d) (2006) ("*The court* may order, as a further condition of supervised release . . . any condition set forth as a discretionary condition of probation . . .") (emphasis added). Not surprisingly, the power to modify such conditions also lies with the sentencing court. *See* 18 U.S.C. §

---

[1]The parties assume that "intensive" treatment is synonymous with "inpatient" treatment. The first revocation order required Cutler to participate in "Intensive Drug Treatment" but did not specify what intensive treatment entailed. Perhaps the specifics were explained to the parties by the district court at the original revocation hearing; such oral explanations may be considered controlling. *See United States v. Bonanno*, 146 F.3d 502, 511 (7th Cir.1998). We do not know, however, because we were not provided with a copy of the transcripts of the first hearing. Because the parties do not question our assumption, we will simply assume that the call for "intensive drug treatment" was a call for inpatient, residential care.

3583(e) (2006) ("*The court* may . . . modify, reduce, or enlarge the conditions of supervised release . . . pursuant to the provisions of the Federal Rules of Criminal Procedure . . .") (emphasis added). The probation office has no power to "modify" conditions under the statute, just as it has no power to "reduce" or "enlarge" those conditions. The district court retains jurisdiction, and ultimate responsibility, over the case. *See United States v. Lilly*, 206 F.3d 756, 762 (7th Cir.2000). What the district court delegates to the probation office is simply the authority to enforce the terms and conditions of supervised release. *See United States v. Rearden*, 349 F.3d 608, 619-20 (9th Cir.2003). This may require probation officers to exercise the discretion with which they are generously endowed, provided their decisions are "not inconsistent with the conditions specified by the court." 18 U.S.C. § 3603(3) (2006).

The question in this case is what happens when the probation office makes a mistake. In fact, Congress anticipated that probation officers might err or act unreasonably and it specified a remedy that a probationer might invoke in such cases. *See* FED. R. CRIM. P. 32.1(b) advisory committee's note ("in cases of neglect, overwork, or simply unreasonableness on the part of the probation officer, the probationer should have recourse to the sentencing court when a condition needs clarification or modification"). That remedy is Rule 32.1, which permits a defendant to seek a clarification or a modification of the terms and conditions of his release. *See, e.g.*, *United States v. Monteiro*, 270 F.3d 465, 472 (7th Cir.2001); *Lilly*, 206 F.3d at 761-62; *United States v. Sanchez-Berrios*, 424 F.3d 65, 82 (1st Cir.2005); *United States v. Dempsey*, 180 F.3d 1325, 1326 (11th Cir.1999) (per curiam). A clarification might have been in order here, but Cutler never sought one. Beyond this, the probation office's error confers no rights on the probationer, although he has an interest in seeing that the district court's mandate is carried out properly.

### III. IMPERMISSIBLE DELEGATION OF JUDICIAL AUTHORITY

Cutler's first argument assumed that the district court ordered inpatient, residential drug treatment but the probation office failed to implement the order. Cutler also argues, in the alternative, that if the district court had intended to delegate the choice of treatment programs to the probation office, such a delegation would have been impermissible. This argument could be construed as a challenge to the 2006 revocation order, which Cutler did not appeal, and so it may have been forfeited. In any event, the argument fails. There was no impermissible delegation.

The basic principle is simple: "[W]here the court makes the determination of *whether* a defendant must abide by a condition, . . . it is permissible to delegate to the probation officer the details of where and when the condition will be satisfied." *United States v. Stephens*, 424 F.3d 876, 880 (9th Cir.2005) (emphasis in original). We must first decide whether the district court made an unequivocal determination

that Cutler should receive some form of drug treatment. To do so, we look at the terms of the order and evaluate them "in light of the facts of the case as reflected by the entire record." *United States v. Allen*, 312 F.3d 512, 516 (1st Cir.2002). The district court's order provided as follows: "The defendant shall spend the first six months of supervised release in an Intensive Drug Treatment Program." It went on to specify: "The defendant shall participate as directed and approved by the probation officer in treatment for narcotic addiction, drug dependence, or alcohol dependence . . . ." This language is mandatory and clearly required drug treatment. *See United States v. York*, 357 F.3d 14, 21-22 (1st Cir.2004); *Allen*, 312 F.3d at 516. The language "as approved by the probation officer" poses no problems; it simply refers to the probation office's power under the Guidelines to approve particular treatment programs. *See United States v. Taylor*, 338 F.3d 1280, 1284 (11th Cir.2003). Finally, while the language "as directed . . . by the probation officer" may be a bit more ambiguous, we believe that the direction to drug treatment is clear in the context of the order. *Compare United States v. Nash*, 438 F.3d 1302, 1307 (11th Cir.2006) *with Peterson*, 248 F.3d at 85.

Cutler also argues that the district court impermissibly delegated to the probation office the authority to determine what level of treatment he would receive–inpatient treatment or outpatient treatment. Many courts, however, have held that there are "details" that the court may delegate. *See, e.g., Rearden*, 349 F.3d at 619; *Allen*, 312 F.3d at 517. Cutler relies heavily on *United States v. Tejada*, 476 F.3d 471 (7th Cir.2007). In *Tejada*, we held that the district court could not delegate the authority to determine the number of drug tests to which a probationer would be subject. *See Tejada*, 476 F.3d at 473. Cutler argues that the rationale of *Tejada* should be extended to the question of inpatient versus outpatient treatment. But the issue of treatment is quite distinguishable from the issue of tests, which, if failed, can return the probationer to prison. Treatment carries no such risk. The number and character of the tests are for the court but the delegation of treatment details is not improper.

## IV. THE SENTENCE WAS NOT PLAINLY UNREASONABLE

Finally, Cutler argues that his sentence was plainly unreasonable in light of the probation office's failure to provide him with inpatient treatment. At the second revocation hearing, the district court calculated a Guidelines range of eight to fourteen months for the most serious of Cutler's offenses, the possession of illegal drugs. After allowing both Cutler and the Government an opportunity to speak, the judge pronounced a sentence of thirty-six months. This Circuit has long held that a sentence imposed for a violation of the terms of supervised release will not be set aside unless it is "plainly unreasonable." *United States v. Carter*, 408 F.3d 852, 854 (7th Cir.2005). This standard has been reaffirmed subsequent to *Booker*. *See United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir.2007). We have made it clear

that the sentencing judge must consider the § 3583(e) factors. *See Carter*, 408 F.3d at 854. The sentencing judge must also consider the policy statements contained in § 7B1.4 of the Guidelines. *See United States v. Pitre*, 504 F.3d 657, 654-55 (7th Cir.2007). But the district court need not make specific factual findings about the factors; it is sufficient if the record as a whole reveals that the district court considered the factors, which is the case here. *Id.*

The argument that the failure to provide treatment should have been a mitigating factor has some statutory weight. When a defendant fails a drug test, the court must consider "whether the availability of appropriate substance abuse programs, or a defendant's current or past participation in such programs, warrants an exception" from the requirement of mandatory revocation and imprisonment. U.S. SENTENCING GUIDELINES MANUAL § 7B1.3 cmt. n.6 (2004). We have also said, in a slightly different context, that a district court must address substantial, mitigating factors advanced by the defendant. *See United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir.2005) (failing to address a substantial mitigating factor may be cause for resentencing). But the district court did address Cutler's argument about mitigating circumstances. It explicitly noted that the probation office's error was irrelevant if Cutler had no desire to quit using drugs, and the district court had plenty of evidence that would indicate that Cutler was not interested in help. It cannot be said that the district court ignored a substantial, mitigating factor.

The sentence was not plainly unreasonable. The nature of Cutler's offense was troubling because it involved the same conduct that landed him in prison in the first place. The circumstances surrounding the offense were also not encouraging because Cutler had again used drugs within days of being released from prison. Indeed, Cutler may never have stopped using drugs in the first place; he admitted that he had access to an intensive drug treatment program in prison but continued to use drugs despite this. Evaluated in the light of Cutler's past history with drugs, the evidence suggested that Cutler had no desire to kick his habit. Cutler objects that the judge focused too heavily on Cutler's use of drugs in prison. This use, however, was relevant. Finally, the district court calculated and considered the appropriate range under the policy statements. Of course, the sentence the district court handed down was well above that range, but we have often affirmed revocation sentences that are far above the relevant Guidelines range. *See, e.g.*, *Carter*, 408 F.3d at 853 (upholding twenty-four month sentence when policy statements recommended six to twelve); *United States v. Salinas*, 365 F.3d 582, 585 (7th Cir.2004) (upholding twenty-four month sentence when policy statements recommended three to nine). Given the extraordinarily aggravating circumstances here and the "plainly unreasonable" standard, there was no error.

## V. CONCLUSION

For the reasons discussed above, we AFFIRM the decision of the district court.