**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0825n.06

No. 11-1198

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

*Aug 01, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| HOWARD KEITH JACKSON, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: ROGERS and STRANCH, Circuit Judges; PEARSON, District Judge.[*]

PER CURIAM. Howard Keith Jackson appeals, through counsel, a special condition of the sentence imposed by the district court which allegedly delegates to the Probation Department the authority to determine whether to impose drug and alcohol testing. In a pro se supplemental brief, Jackson also challenges his conviction.

A jury found Jackson guilty of being a felon in possession of a firearm following three violent felony or serious drug convictions in violation of 18 U.S.C. § 922(g)(1) and § 924(e). The district court sentenced him as an armed career criminal to the mandatory minimum of 180 months in prison, to be followed by three years of supervised release. The court imposed as a standard condition of supervised release that Jackson "submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court." The court

---

[*]The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

also imposed a special condition of supervised release that stated as follows: "The defendant shall participate in a program approved by the Probation Department for substance abuse which program may include testing to determine if the defendant has reverted to the use of drugs or alcohol. If necessary."

On appeal, Jackson argues that, in imposing the special condition of supervised release, the district court improperly delegated its judicial authority to the United States Probation Office by vesting a probation officer with the discretion to determine whether and how often Jackson would be subject to drug testing. The government contends that Jackson's challenge to the special condition is premature and that, in any case, the district court properly imposed the condition.

Because Jackson raises a purely legal challenge to whether the district court improperly delegated its authority by imposing the special condition, his claim is ripe for review. *See United States v. Thompson*, 653 F.3d 688, 692-93 (8th Cir. 2011) (addressing on direct review a claim that certain special conditions of supervised release constituted an impermissible delegation of judicial authority); *United States v. Heckman*, 592 F.3d 400, 409 (3d Cir. 2010) (same). We limit our review of Jackson's claim to plain error, however, because he failed to raise it when given the opportunity to do so by the district court at the conclusion of the sentencing hearing. *See United States v. Inman*, 666 F.3d 1001, 1003 (6th Cir. 2012). To establish plain error, Jackson must show that an obvious or clear error affected both his substantial rights and the fairness, integrity, or public reputation of his judicial proceedings. *Id.* at 1003-04.

According to Jackson, only the court may determine "whether," "how," and "how many times" a sentencing condition may be imposed, and may delegate merely "where and when the condition will be satisfied" to the Probation Department. *See United States v. Stephens*, 424 F.3d

876, 880-81 (9th Cir. 2005); *see also United States v. Smith*, 561 F.3d 934, 942 & n.7 (9th Cir. 2005) (noting government's concession that court's failure to specify maximum number of drug tests was "an impermissible delegation of the court's statutory duty under 18 U.S.C. § 3583(d)"); *United States v. Meléndez-Santana*, 353 F.3d 93, 101 (1st Cir. 2003), *overruled on other grounds by United States v. Padilla*, 415 F.3d 211 (1st Cir. 2005) (en banc) ("Rather than simply vesting the probation officer with the responsibility for managing the administrative details of drug treatment, the court granted the probation officer the authority to decide whether Meléndez would have to undergo treatment after testing positive for drugs. That treatment decision must be made by the court.").[1] The government concedes that it is at least ambiguous as to whether the court delegated to the Probation Department the authority to determine whether drug testing should be imposed, but contends that only an express delegation is impermissible. *See United States v. Thompson*, 653 F.3d 688, 693 (8th Cir. 2011) ("[A]n impermissible delegation occurs only where the district court gives 'an affirmative indication' that it will not retain 'ultimate authority over all of the conditions of supervised release.'" (citation omitted)).

We need not resolve whether there has been an impermissible delegation here because Jackson has failed to satisfy the remaining prongs of the plain error standard. *See United States v. Maciel-Vasquez*, 458 F.3d 994, 996 (9th Cir. 2006). The government has cited cases from other circuits which have held that defendants with similar conditions could not show an effect on their substantial rights because of the difficulty in showing that they are worse off by having a probation

---

[1] *Padilla* expressly upheld the holding of *Meléndez-Santana* that "delegation of the power to set the maximum number of drug tests" constitutes error, 415 F.3d at 220, but held that such delegation is not necessarily plain error, *id.* at 220-23.

officer, rather than a judge, determine the maximum number of drug tests. *United States v. Tejeda*, 476 F.3d 471, 474-75 (7th Cir. 2007); *Padilla*, 415 F.3d at 221. The government also identifies cases holding that such sentencing delegation does not affect the fairness or integrity of the proceedings. *Tejeda*, 476 F.3d at 475; *Maciel-Vasquez*, 458 F.3d at 996; *Padilla*, 415 F.3d at 221-21. Because Jackson has not attempted to challenge or distinguish these cases in his appellate briefs, he effectively concedes that any error was not plain and that he is thus not entitled to relief.

In his pro se supplemental brief, Jackson challenges his conviction on two grounds. First, Jackson asserts that the district court erred "in failing to invoke the abstention doctrine under the guise of reverse vertical preemption." This argument appears to be grounded in the belief that the federal government should yield to the states when it comes to enforcing criminal laws, or at least those pertaining to firearm possession. However, the dual sovereignty doctrine allows the federal government to prosecute a case regardless of whether the criminal conduct may be separately prosecuted by a state. *United States v. Archibald*, — F.3d —, No. 11-5488, 2012 WL 2816702, at *2 n.1 (6th Cir. July 11, 2012).

Second, Jackson asserts that 18 U.S.C. § 924(e) is unconstitutionally vague because of the definition of "serious drug offense" contained in § 924(e)(2)(A)(ii): "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." According to Jackson, the phrase "prescribed by law" is unclear and allows for arbitrary prosecution because some criminal offenses only "prescribe" sentences greater than ten years when certain facts are found or enhancements apply. We reject this argument. In *United States v. Rodriquez*, the Supreme Court recognized that applying this statute may, in fact, be challenging

but concluded that such difficulty does not allow courts to disregard "the clear meaning of the

statutory language" at issue here. 553 U.S. 377, 388-89 (2008); *see also McNiell v. United States*,

131 S. Ct. 2218, 2220-22 (2011) (explaining "how a federal court should determine the maximum

sentence for a prior state drug offense for ACCA purposes" based on the "plain text"of this statute).

Accordingly, we affirm Jackson's conviction and sentence.