NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1109n.06

No. 11-2514

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Oct 26, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| DWIGHT ROLLMAL LOGINS, | ) | O P I N I O N |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  MERRITT, MOORE, and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.**  Dwight Logins was sentenced to a 30-month prison term followed by a 3-year term of supervised release.  One of the conditions of his supervised release requires him to participate in drug testing, as determined by the court.  Logins does not object to this condition.  Another one of the conditions of his supervised release requires him to participate in a program of both drug testing and treatment, to be directed by his probation officer.  Logins contends that this second condition is an impermissible delegation of judicial authority.  We conclude that the condition was proper and **AFFIRM** Logins's sentence.

## I.  BACKGROUND

On June 28, 2011, Logins was indicted for escaping from the custody of a half-way house in violation of 18 U.S.C. § 751(a).  He pled guilty.

The district court conducted a sentencing hearing on November 5, 2011. The presentencing report determined that Logins's total offense level was 7 and his criminal history category was VI. The advisory guidelines range was 15 to 21 months, but based on Logins's 22 criminal history points, the presentence report writer recommended an upward departure of 4 levels with a 33-month term of imprisonment.

At the sentencing hearing, Logins requested a sentence within the advisory guidelines range. But based on Logins's extended criminal history, which included several incidents of involvement with illegal drugs, the district court imposed a sentence of 30 months.

The court also imposed three years of supervised release. The court then briefly summarized the conditions of that release, stating, in part, "No association with anyone using or possessing drugs; no using drugs; drug testing." The court asked the government and defense counsel whether they had any legal objection to the upward departure sentence. Neither objected.

The written judgment was entered on November 16, 2011. It contained the 30-month sentence and the 3-year term of supervised release. The written judgment also listed several conditions of supervised release. Two of the conditions, located in separate sections, dealt with drug testing and drug treatment and are significant here.

The first condition concerned drug testing and was placed under the heading "Supervised Release." It reads as follows:

> Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

This condition is a "mandatory" condition under both a statute and the Sentencing Guidelines. *See* 18 U.S.C. § 3583(d); U.S.S.G. § 5D1.3(a)(4). Notably, Logins has not challenged this condition. In fact, his briefs do not even mention it.

The second condition concerned a program of drug treatment and was placed under the heading "Special Conditions of Supervision." It reads as follows:

> The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability, as determined by the probation officer.

This condition is a "special" condition under the Guidelines and is recommended "[i]f the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol." *See* U.S.S.G. § 5D1.3(d)(4). It is the only condition Logins is challenging.

## II. ANALYSIS

### A. Standard of Review

The parties dispute the correct standard of review, and with good reason. The government urges us to apply a plain error standard because Logins did not object to the supervised release condition at the sentencing hearing. *See* Fed. R. Crim. P. 52(b). To satisfy that standard, Logins would have to show that (1) there was an "error"; (2) the error was "clear or obvious"; (3) the error affected his "substantial rights"; and (4) "the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010).

Under this standard, Logins would almost certainly lose. In a recent unpublished opinion, this Court indicated that an alleged impermissible delegation of drug testing authority to a probation

officer does not constitute "plain error" "because of the difficulty in showing that [defendants] are worse off by having a probation officer, rather than a judge, determine the maximum number of drug tests." *United States v. Jackson*, 2012 WL 3104504, No. 11-1198, at *2 (6th Cir. Aug. 1, 2012). Therefore, the defendant cannot establish that the alleged error either affected his substantial rights or affected the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Tejeda*, 476 F.3d 471, 475 (7th Cir. 2007) ("[I]t cannot be shown that the defendant would have been better off had the judge imposed the details of the drug testing himself."); *United States v. Padilla*, 415 F.3d 211, 221 (1st Cir. 2005) ("It is . . . nearly impossible for [a defendant] to show a reasonable probability that he is worse off because the probation officer, rather than the district court, has the power to determine the maximum number of drug tests.").

Logins, on the other hand, argues that the plain error standard should not apply because he was not given the opportunity at the sentencing hearing to object to the particular condition he is challenging. Logins points out that the drug treatment condition was not mentioned at the sentencing hearing. Fed. R. Crim P. 51(b) provides that "[i]f a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party." In a case involving similar facts, the First Circuit declined to apply a plain error standard of review because the defendant had no opportunity to object to a condition first appearing in the written judgment. *United States v. Sepulveda-Contreras*, 466 F.3d 166, 172 (1st Cir. 2006).

The government essentially argues that Logins had constructive notice of the condition because the district court mentioned "drug testing." However, under the Sentencing Guidelines, drug *testing* is a mandatory condition for all periods of supervised release unless the district court finds

that an individual case does not warrant it. *See* U.S.S.G. § 5D1.3(a)(4). A program for substance abuse *treatment*, on the other hand, is a special condition that is recommended when the court has reason to believe the defendant struggles with substance abuse. *See* U.S.S.G. § 5D1.3(d)(4). Logins and his attorney could reasonably have believed that the district court's brief reference to "drug testing" referred to the mandatory testing condition rather than the special treatment condition. As stated above, Logins is not challenging the mandatory drug testing condition in his sentence. Therefore, we find that Logins was not given an opportunity to object to the drug treatment condition and therefore decline to apply a plain error standard of review.[1]

We ordinarily review a district court's imposition of a special condition of supervised release for an abuse of discretion. *See United States v. Inman*, 666 F.3d 1001, 1004 (6th Cir. 2012). However, because Logins has alleged constitutional and statutory error, we apply a *de novo* standard of review. *See United States v. Wagner*, 382 F.3d 598, 606-07 (6th Cir. 2004); *United States v. Perez-Olalde*, 328 F.3d 222, 223 (6th Cir. 2003); *United States v. Davis*, 151 F.3d 1304, 1306 (10th Cir. 1998).

---

[1] In his reply brief, Logins argues that the district court committed plain error because it failed to state the special condition of supervised release in open court. *See United States v. Cofield*, 233 F.3d 405, 406-07 (6th Cir. 2000) (noting the "widely accepted rule" that "if there is a discrepancy between the oral pronouncement of a criminal sentence and the written judgment, the oral sentence generally controls"). However, since Logins did not raise this issue in his principal brief, we decline to address it. *See United States v. Johnson*, 440 F.3d 832, 845-46 (6th Cir. 2006) ("'An appellant abandons all issues not raised and argued in its initial brief on appeal.'") (quoting *United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996)). We note that Logins's history of drug problems made the special drug treatment condition "recommended" under the Guidelines. *See* U.S.S.G. § 5D1.3(d)(4).

**B. Legal Principles**

Congress has by statute given extensive authority to probation officers. *See* 18 U.S.C. § 3603. However, a probation officer's authority is constitutionally limited because he or she is a non-judicial officer. *See, e.g.*, *United States v. Pruden*, 398 F.3d 241, 250 (3rd Cir. 2005) (The limitation on a probation officer's authority is "of constitutional dimension, deriving from Article III's grant of authority over 'cases and controversies' to the courts."). Only courts can impose punishment upon people convicted of crimes. *Ex parte United States*, 242 U.S. 27, 41 (1916). "This limitation extends not only to the length of a prison term imposed, but also to the conditions of probation or supervised release." *Pruden*, 398 F.3d at 250. A court's ability to delegate authority to a probation officer is therefore restricted in certain respects. Summing up the law on this point, the Ninth Circuit stated that

> [t]he law has, by and large, developed along the principle that, where the court makes the determination of *whether* a defendant must abide by a condition, and *how* (or, when the condition involves a specific act such as drug testing, *how many times*) a defendant will be subjected to the condition, it is permissible to delegate to the probation officer the details of where and when the condition will be satisfied.

*United States v. Stephens*, 424 F.3d 876, 880 (9th Cir. 2005).[2]

We have not directly addressed the issue of what decisions regarding drug testing and drug treatment may be delegated to a probation officer. The parties cite one decision from this Court that dealt with an analogous issue—whether a district court erred by delegating to a probation officer the authority to schedule restitution payments. *See Weinberger v. United States*, 268 F.3d 346 (6th Cir.

---

[2] As explained below, the Ninth Circuit's reference to "how many times" a defendant will be subjected to drug testing does not apply in the circumstances of this case.

2001) (applying the Victim and Witness Protection Act). This Court held that the district court could delegate the scheduling of restitution payments so long as the court set the amount of restitution to be paid. *Id.* at 359-60; *but see United States v. Davis*, 306 F.3d 398, 426 (6th Cir. 2002) (delegation not allowed in cases governed by the successor statute to the Victim and Witness Protection Act).

However, other circuits have directly addressed the issue before us here. In *United States v. Melendez-Santana*, 353 F.3d 93 (1st Cir. 2003), *overruled on other grounds by United States v. Padilla*, 415 F.3d 211, 215 (1st Cir. 2005), the district court had imposed a drug treatment condition stating that if the defendant failed a drug test, the defendant would be required to participate in drug treatment "'at the discretion of the probation officer.'" *Id.* at 101. The First Circuit held that delegating to the probation officer the ultimate authority to decide whether the defendant would have to participate in a drug treatment program was an impermissible delegation of judicial authority. *Id.* at 101-02.

The First Circuit contrasted the supervised release condition in *Melendez-Santana* with a condition in an earlier case, *United States v. Allen*, 312 F.3d 512 (1st Cir. 2002). In *Allen*, the district court had ordered the defendant to "'participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.'" *Id.* at 515. The court quoted a decision from the Fourth Circuit for the proposition that "[w]hile cases or controversies committed to Art. III courts cannot be delegated to nonjudicial officers for resolution, that general principle does not prohibit courts from using nonjudicial officers to support judicial functions, as long as that judicial officer retains and exercises ultimate responsibility." *Id.* at 515-16 (quoting *United States v. Johnson*, 48 F.3d 806, 809 (4th Cir.

1995)) (quotations and punctuation omitted).  The *Allen* court upheld the condition, finding that "the court was imposing mandatory counseling and delegating the administrative details to the probation officer, actions constituting a permissible delegation." *Id.* at 516.

The distinction between the condition in *Melendez-Santana* and the condition in *Allen* reveals that a court may delegate the details of a drug treatment program to the probation officer, but the court must decide whether the defendant must participate in the program.  Other cases have reached similar results in the context of mental health counseling.  *Compare United States v. Pruden*, 398 F.3d 241, 250-51 (3rd Cir. 2005) (condition stating that "'[t]he defendant shall participate in a mental health treatment program *at the discretion of the probation officer*'"—impermissible), *with United States v. Heckman*, 592 F.3d 400, 409-11 (3rd Cir. 2010) (condition stating that "'[t]he defendant shall participate in a mental health program for evaluation and/or treatment as directed by the United States Probation Office'"—permissible).

The Ninth Circuit has upheld a condition of supervised release almost identical to the one at issue in this case.  In *United States v. Stephens*, the court reviewed a sentence that stated that the defendant "'shall comply'" with a condition that he "'participate in a drug and alcohol abuse treatment and counseling program, including urinalysis testing, as directed by the Probation Officer.'"  424 F.3d 876, 882 (9th Cir. 2005).  The court upheld the condition, reasoning that "[t]he sentencing order's inclusion of the words 'shall comply' imposed mandatory treatment and treatment program urinalysis, while merely delegating the administrative details of arranging the program to the probation officer."  *Id.*  The only discretion given to the probation officer was "to perform the ministerial tasks of choosing the appropriate program and facilitating [the defendant's] attendance."

*Id.* Therefore, the court did not impermissibly delegate its Article III judicial power to the probation

officer. *Id.*

One thorny issue that has arisen in other circuits is whether the district court may delegate

the authority to determine the number of drug tests the defendant must undergo as part of a program

of treatment. This issue is complicated by a statutory provision, 18 U.S.C. § 3583(d), enacted as part

of the Violent Crime Control and Law Enforcement Act of 1994. In relevant part, it provides the

following:

> The court shall also order, as an explicit condition of supervised release, that the defendant refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least 2 periodic drug tests thereafter (*as determined by the court*) for use of a controlled substance. The condition stated in the preceding sentence may be ameliorated or suspended by the court as provided in section 3563(a)(4).[3]

§ 3583(d) (emphasis added).

The tricky aspect of this statute is the "as determined by the court" language. We apparently

have not had occasion to interpret this language. However, the First, Seventh, and Ninth Circuits

have all concluded that this language requires the district court to specify a maximum number of

drug tests when imposing *non-treatment* drug testing as a condition of supervised release. *See*

*United States v. Stephens*, 424 F.3d 876, 882 (9th Cir. 2005)*; United States v. Melendez-Santana*,

353 F.3d 93, 103 (1st Cir. 2003), *overruled on other grounds by United States v. Padilla*, 415 F.3d

211, 215 (1st Cir. 2005); *United States v. Bonanno*, 146 F.3d 502, 511 (7th Cir. 1998). In reaching

---

[3]The statutory subsection the statute refers to is incorrect. The correct citation is to § 3563(a)(5).

this conclusion, they relied primarily upon what they considered to be the plain language of the statute. They reasoned that "the 'as determined by the court' language can only mean that the court is required to determine the maximum number of drug tests to be performed beyond the three that are required." *Melendez-Santana*, 353 F.3d at 104. Our research indicates that only two courts have rejected the interpretation of the First, Seventh, and Ninth Circuits. *See United States v. Blanchard*, 636 F. Supp. 2d 1339, 1345 (M.D. Ga. 2009) (interpreting a similar provision governing probation—§ 3563(a)(5)); *United States v. Smith*, 45 F. Supp. 2d 914, 919-20 (M.D. Ala. 1999).

Logins implicitly urges us to adopt the majority interpretation of the statute. The government explicitly urges us to reject it. But we need not at this time decide this dispute.

Notably, the Ninth Circuit only applied the rule outlined above to *non-treatment* drug testing. For *in-treatment* drug testing, it held that § 3583(d) does not require the district court to set a maximum number of tests. *Stephens*, 424 F.3d at 883. The Ninth Circuit explained this distinction as follows:

> Congress has not required that the courts micro-manage drug treatment programs by setting a maximum number of in-treatment tests. Where the district court specifies that the defendant shall participate in a drug treatment program, it may properly delegate to the probation officer the responsibility for selecting the program. The drug treatment professionals then have the responsibility to design the course of treatment, including the frequency of in-testing, to ensure that the treatment is effective. . . . '[T]he court cannot be expected to design the particularities of a treatment program.'

*Id.* (quoting *United States v. Fellows*, 157 F.3d 1197, 1204 (9th Cir. 1998)). Therefore, in the Ninth Circuit, the district court need only establish the maximum number of drug tests when imposing drug testing as a mandatory condition of supervised release under § 3583(d) and U.S.S.G. § 5D1.3(a)(4).

When imposing drug treatment as a special condition under U.S.S.G. § 5D1.3(d)(4), the district court need only decide whether treatment is required.

The First Circuit appears to follow this approach as well. In *Melendez-Santana*, the court held that the district court cannot delegate to the probation officer the authority to decide *whether* the defendant must participate in a drug treatment program. 353 F.3d at 101. Instead, "[t]hat treatment decision must be made by the court, either at the time of sentencing, or later in response to a motion by the probation officer, citing the positive drug test during the period of supervised release and seeking a change in the conditions of supervised release." *Id.* at 101-02 (footnotes omitted). However, the "administrative details of drug treatment," including "the type of program the defendant must enroll in and when he may be discharged," are determinations properly left to the discernment of the probation officer. *Id.* at 101, 101 n.6.

The Seventh Circuit has diverged somewhat from the course plotted by the First and Ninth Circuits. *See United States v. Tejeda*, 476 F.3d 471 (7th Cir. 2007). In *Tejeda*, the court confronted a condition of supervised release which required the defendant to "'participate in a program of testing and residential or outpatient treatment for drug and alcohol abuse, as approved by his supervising probation officer, until such time as he is released from such program.'" *Id.* at 472-73. In a somewhat confusing passage that amounts to dicta, the court stated that "the condition regarding drug testing seems to be boilerplate language, which grants too much discretion to the probation agent." *Id.* at 473-74. Nonetheless, the court also stated that "[i]t may be that in a proper case we would agree with the Court of Appeals for the Ninth Circuit that if a defendant is ordered into a treatment program, it would not be error to grant the probation officer discretion to designate testing

which is incidental to the program." *Id.* at 473. Ultimately, the court applied a plain error standard of review and found that any delegation error did not meet that standard. *Id.* at 475.

We find the approach taken by the First and Ninth Circuits persuasive. It leaves the details of the treatment program to the discretion of the parties best qualified to make those types of determinations.

In sum, we hold that when imposing a special condition of drug treatment under U.S.S.G. § 5D1.3(d)(4), the district court need only decide whether such treatment is required. Decisions such as which program to select and how long it will last can be left to the discernment of the probation officer.[4] Furthermore, the details of the treatment, including how often and how many drug tests will be performed, can be left to the expertise of the professionals running the program. If the probation officer abuses his or her authority, the district court can always modify the terms of supervised release. *See* 18 U.S.C. § 3583(e)(2); Fed. R. Crim. P. 32.1(c); *United States v. Padilla*, 415 F.3d

---

[4]Although we hold that it is permissible for a district court to leave the probation officer discretion to select a substance abuse treatment program, that discretion is of course limited by the defendant's other substantive rights. For example, a probation officer may not abuse his or her discretion by requiring a defendant on supervised release to participate in a faith-based substance abuse treatment program which is inappropriate given the defendant's religious beliefs. *See, e.g.*, *Inouye v. Kemna*, 504 F.3d 705, 712–14 (9th Cir. 2007) (holding that it is unconstitutional to compel a parolee to attend a religiously based substance abuse treatment program); *Freedom from Religion Found., Inc. v. McCallum*, 324 F.3d 880, 882 (7th Cir. 2003) (explaining that parole officers "may not require offenders to enroll in [a faith-based half-way house]"); *Kerr v. Farrey*, 95 F.3d 472, 480 (7th Cir. 1996) (holding that it was constitutionally impermissible to condition parole on participation in a substance abuse treatment program which was "permeated with explicit religious content"); *cf. Teen Ranch, Inc. v. Udow*, 479 F.3d 403, 409–10 (6th Cir. 2007) (affirming the district court's finding that where a teen lacked the ability to opt out of a placement at a faith-based institution with religious programming, the state could not, consistent with the Establishment Clause, fund the faith-based institution).

211, 222-23 (1st Cir. 2005). A defendant on supervised release may raise a challenge to the probation officer's abuse of authority by applying to the sentencing court by motion to modify the conditions of supervised release. *See* 18 U.S.C. § 3583(e); Fed. R. Crim. P. 32.1 advisory committee's note (1979) (stating that "in cases of . . . unreasonableness on the part of the probation officer, the probationer should have recourse to the sentencing court when a condition needs clarification or modification" and that "[t]he probationer should have the right to apply to the sentencing court" to modify the conditions of supervised release); *see also United States v. Stanphill*, 146 F.3d 1221, 1222 (10th Cir. 1998) (involving a defendant who filed a motion with the district court to modify the conditions of his supervised release).

### C. Application

The condition Logins objects to reads as follows:

> The defendant *shall* participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability, as determined by the probation officer.

(emphasis added).

Logins argues that this condition gave the probation officer the authority to determine *whether* a drug treatment program would be imposed. He also contends that the condition impermissibly delegated to the probation officer the authority to determine how many drug tests would be imposed. But Logins is wrong.

This condition clearly specifies that Logins *shall* participate in a drug treatment program as a condition of his supervised release. The probation officer is not given the authority to determine

*whether* Logins will participate in the program—the district court made that determination itself. Instead, the probation officer is given the authority to select the particular program and to determine the length of that program. The "as directed by the probation officer" language does not give the probation officer the authority to determine whether Logins must participate in a treatment program, since the district court said Logins "shall" participate. *See United States v. Mosher*, 2012 WL 3241640, Nos. 12-1141, 12-1143, at \*5 (6th Cir. Aug. 9, 2012) (unpublished) (applying similar reasoning to a condition concerning mental health treatment). Furthermore, because the drug testing was imposed in connection with a program of drug treatment, the district court was not required to further specify the number of drug tests Logins must undergo as part of the treatment program—tests beyond the requirement the court had already imposed that Logins must submit to one drug test within 15 days of release from imprisonment and at least two periodic tests thereafter, as required by both a statute and the Guidelines.

The district court made the essential judicial determination as to whether Logins must participate in a drug treatment program. The probation officer was only given the authority to oversee the administrative details of that program. Therefore, we hold that the district court did not impermissibly delegate its sentencing authority to the probation officer.

### III. CONCLUSION

For the reasons given above, we **AFFIRM** Logins's sentence.

No. 11-2514
*United States v. Logins*

**MERRITT, Circuit Judge, concurring.** To reach the same result as the court in this case, I would simply rely on 18 U.S.C. § 3583(e)(2) which authorizes the sentencing court to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term . . . ."

If the prisoner objects in this case to the conditions being followed by the probation officer in supervising his case, the best course would simply be to exercise the authority under this section to request the court to modify the contested conditions. In this appeal we do not know precisely what condition of his supervised release he is complaining of.

Here at the original sentencing, the district court delegated to Logins' probation officer the authority to decide when and for how long Logins would participate in the counseling program. Logins did not object to his sentence and did not object to the terms of his supervised release. Under § 3583(e)(2) he should first exhaust the remedies that the statute gives him by making whatever particular objection he has to the condition imposed by the probation officer after the court's delegation. At this point the case before us seems frivolous to me.