RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 24a0245p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ERIC VAUGHN,

*Defendant-Appellant*.

> No. 24-5090

─────────────

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 1:22-cr-00133-1—Travis Randall McDonough, District Judge.

Decided and Filed: October 29, 2024

Before: GRIFFIN, KETHLEDGE, and BUSH, Circuit Judges.

─────────────

## COUNSEL

─────────────

**ON BRIEF:** Howard W. Anderson, III, TRULUCK THOMASON LLC, Greenville, South Carolina, for Appellant. Brian Samuelson, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

─────────────

## OPINION

─────────────

JOHN K. BUSH, Circuit Judge. In this appeal, Eric Vaughn contests special conditions of his supervised release. He argues that the sentencing court improperly delegated its judicial function to the probation office by not providing enough condition specifics. We disagree and **AFFIRM** the district court's judgment.

**I.**

Police pulled Mr. Vaughn over for speeding. Vaughn exited his car and ran from the officers. Vaughn, who was a convicted felon, also scrapped a pistol mid-flight. The officers captured him and retrieved his gun. A grand jury indicted Vaughn for unlawful possession of a firearm as a felon. 18 U.S.C. § 922(g)(1). He pleaded guilty. The district court sentenced Vaughn to 53 months' imprisonment with a special assessment and three years of supervised release. The court also imposed multiple mandatory and special conditions of supervised release.

Vaughn's appeal centers around Special Conditions 1 and 2 of his supervised release. He argues the first special condition improperly delegates power from the district court by giving the probation officer the power to determine drug-testing frequency and whether he must receive alcohol treatment. Vaughn also contends that by giving the probation officer leeway to decide whether his mental-health treatment is inpatient or outpatient, Special Condition 2 improperly delegates judicial power. Vaughn is not the first to lodge such arguments in this court.

At sentencing, Vaughn objected to part of Special Condition 1, asking the court to "wordsmith[]" the condition by providing "some sort of schedule rather than leaving it up to Probation." Sentencing Tr., R. 50, PageID 298, 308. The district court overruled the objection but responded that if "Mr. Vaughn thinks he's being tested too often," the court "would be happy to consider giving the probation office some guidance on that when it comes up." *Id.* at 308. Vaughn did not object to Special Condition 2.

**II.**

Generally, when a defendant challenges the sentencing court's legal authority to impose a supervised-release condition on constitutional or statutory grounds, we review de novo. *See United States v. Carpenter*, 702 F.3d 882, 884 (6th Cir. 2012). But if a defendant does not object to such a condition in the district court, we review for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Campbell*, 77 F.4th 424, 432 (6th Cir. 2023). To satisfy the plain-error standard, Vaughn would need to show an (1) error (2) that was clear or obvious, (3) that affected his

"substantial rights," and (4) that affected the judicial proceeding's fairness, integrity, or public reputation. *Campbell*, 77 F.4th at 432.

### III.

Federal law affords probation officers extensive authority to "use all suitable methods, not inconsistent with the conditions specified by the court," to help defendants like Vaughn improve their "conduct and condition." 18 U.S.C. § 3603(3); *see also Campbell*, 77 F.4th at 432. Although Article III precludes courts from delegating their "core judicial function" of "imposing punishment" upon convicted defendants, *Campbell*, 77 F.4th at 432, "the district court itself" need not "specify the details" of the punishment. *Carpenter*, 702 F.3d at 885–86; *see United States v. Logins*, 503 F. App'x 345, 350 (6th Cir. 2012). Instead, courts may leave implementation specifics to probation. For "substance abuse treatment and testing," the "district court need only decide whether treatment is required." *Carpenter*, 702 F.3d at 886. And treatment includes testing. *Id*.

### A. Special Condition 1

#### 1. Drug-Test Capping

Vaughn complains that Special Condition 1 does not cap his number of drug tests. That condition provides that Vaughn "shall participate in a program of testing and/or treatment for drug and/or alcohol abuse as directed by the probation officer until such time as the defendant is released from the program by the probation officer." Sentencing Tr., R.50, PageID 310. It touches upon Mandatory Condition 3, a condition that derives from 18 U.S.C. § 3583(d) and U.S.S.G. § 5D1.3(d)(4). Judgment, R. 47, PageID 266. That condition requires Vaughn to complete a drug test "within 15 days of [his] release from imprisonment and at least two periodic drug tests, thereafter, as determined by the court." *Id*.; *see also* § 3583(d). Vaughn objects to the court's failure to specify drug-testing frequency. To Vaughn, the district court's failure to cap tests or create a schedule contradicts Article III and Congress's statutory command. *See* § 3583(d). Because Vaughn raised the issue at sentencing, we review the district court's decision de novo.

The capping analysis boils down to Vaughn contesting a special condition. Congress distinguishes "between drug testing conducted as a mandatory condition of supervised release and drug testing performed in the course of a special condition of drug treatment." *Carpenter*, 702 F.3d at 886. When issuing mandatory conditions, district courts *must* impose non-treatment drug testing on the defendant as part of supervised release. § 3583(d). But when issuing special conditions, district courts *may* require drug testing as part of a substance-abuse program. *See Carpenter*, 702 F.3d at 886. They need not though. Because district courts have this discretion, testing caps apply only to mandatory conditions—not special conditions. *See id.*; *Logins*, 503 F. App'x at 353. When district courts decide to impose drug testing through a special condition, they fulfill their statutory and Article III duties so long as the court "decide[s] whether treatment is required." *Carpenter*, 702 F.3d at 886; *United States v. Lindsay*, No. 24-5089, 2024 WL 4225715, at *2 (6th Cir. Sept. 18, 2024). They can leave program implementation to probation officers.

Courts satisfy the special-condition requirement by employing the triggering "shall participate" language within the condition, requiring defendants to participate in substance-abuse testing and treatment. *Carpenter*, 702 F.3d at 885. Both *Carpenter* and *Logins* addressed special conditions without drug test caps that used language almost identical to Vaughn's condition." *Id.* at 884; *Logins*, 503 F. App'x at 353. Not only did we determine that § 3583(d)'s requirement that "drug treatment be specified 'by the court,' does not require the district court itself to specify the details," *Carpenter*, 702 F.3d at 885 (emphasis omitted), but we also ultimately held that not specifying the number of drug tests as "part of [a] drug treatment" meant the court "did not impermissibly delegate its authority to the probation office," *id.* at 886.

Vaughn's argument fails because he mistakes special conditions for mandatory ones. His own brief recognizes this mandatory-special distinction yet does not apply it properly. Opening Br. at 8–9 ("Only for the former [mandatory] case must the district court specify the maximum number of drug tests."). The cases he cites from other circuits involve impositions of mandatory drug-testing conditions, not special ones. *Id.*; *see Lindsay*, 2024 WL 4225715, at *2. Vaughn may not apply the rule for mandatory conditions to a special condition when there is no statutory default. In other words, Special Condition 1's "as directed by the probation officer" language

does not violate § 3583(d)(2)'s "as determined by the court" language because it is a special condition. Vaughn does not argue a defect with Mandatory 3. Nor can he. The district court satisfied its Article III duties by using the "shall participate" language. It merely left delegable implementation decisions to the probation officer. That is fine.

And let us not forget that Vaughn's sentencing court created a safeguard. If Vaughn considers probation's drug-testing schedule too burdensome, the district court "would be happy to consider giving the probation office some guidance on that when it comes up." Sentencing Tr., R. 50, PageID 308; *cf. United States v. Zobel*, 696 F.3d 558, 575 (6th Cir. 2012). This statement is further evidence that the district court possesses ultimate authority over Vaughn's drug testing.

## 2. Alcohol Treatment

Vaughn also argues that Special Condition 1 improperly delegates the court's alcohol-abuse-treatment decision to the probation officer. Again, the special condition requires that Vaughn "shall participate in a program of testing and/or treatment for drug and/or alcohol abuse." Judgment, R. 47, PageID 268. Vaughn takes issue with the "and/or" language. He says that language lets the probation officer "decide in the first instance whether treatment—for drugs, for alcohol, or for both—will be required." Opening Br. at 11; Reply Br. at 2. Because Vaughn did not raise this issue at sentencing, the district court was not on notice for any argued deficiencies relating to Special Condition 1. *Campbell*, 77 F.4th at 432; *see also Lindsay*, 2024 WL 4225715, at *3. Because a party "must object with [a] reasonable degree of specificity," the claim is unpreserved, and we review it for plain error. *United States v. Corp*, 668 F.3d 379, 387–88 (6th Cir. 2012). Vaughn must show that the district court made a clear error that affected his substantial rights and the fairness, integrity, or public reputation of the proceedings below. *Campbell*, 77 F.4th at 432.

Vaughn does not show the district court plainly erred. This circuit is no stranger to affirming special conditions that require defendants to participate in substance-abuse treatment programs. *See, e.g.*, *Carpenter*, 702 F.3d at 884. We have even held, albeit in an unpublished opinion, that a special condition identical to Vaughn's—"and/or" and all—was not an illegal

delegation of an alcohol-treatment decision. *Lindsay*, 2024 WL 4225715, at *1. Again, the district court need only order that Vaughn "shall participate" in a substance-abuse program, clearly deciding "whether such treatment is required." *Carpenter*, 702 F.3d at 885. It can leave details "to the discernment of the probation officer" and the "expertise" of "professionals." *Id.* Vaughn's argument fails because "drug and/or alcohol abuse" is synonymous with "substance abuse." *See Lindsay*, 2024 WL 4225715, at *2. Our precedent clearly shows that a court does not delegate its Article III judicial power when it requires defendants, through the "shall participate" language, to participate in some form of substance-abuse program. *Carpenter*, 702 F.3d at 885. The district court expressed that Vaughn "shall participate" in some form of a substance-abuse program. And Vaughn does not cite authority to support his treatment-specification claim nor show how a "generic substance-abuse program would impose any significant burdens on him because it covered alcohol-abuse treatment." *Lindsay*, 2024 WL 4225715, at *3; *see* Opening Br. at 12–14. So, his second claim fails.

### B. Special Condition 2

Lastly, Vaughn argues that the district court impermissibly delegated its authority by failing to specify whether his mental-health treatment be inpatient or outpatient. Because he did not raise the claim below, we review it for plain error. *Campbell*, 77 F.4th at 432.

Plain error review dooms Vaughn's claim. *See Lindsay*, 2024 WL 4225715, at *3. A "circuit split precludes a finding of plain error," *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015) (citation omitted), and circuits are split on this inpatient-outpatient claim, *compare United States v. Aguilar-Cerda*, 27 F.4th 1093, 1095–96 (5th Cir. 2022) (finding no impermissible delegation), *and United States v. Cutler*, 259 F. App'x 883, 886–87 (7th Cir. 2008) (same), *with United States v. Matta*, 777 F.3d 116, 122–23 (2d Cir. 2015) (finding impermissible delegation). *See* Response Br. at 14 (collecting more cases). A "lack of binding case law" does the same, *Al-Maliki*, 787 F.3d at 794, and this circuit lacks binding case law holding that a district court cannot allow the probation officer to decide whether inpatient treatment will be required. But we do have *Lindsay*, which mirrors Vaughn's case identically—claims, briefs, counsel, and all—and that case already held the "standard of review dooms"

Vaughn's same claim. 2024 WL 4225715, at *3. We find *Lindsay* persuasive in holding that this inpatient-outpatient claim does not overcome the plain-error standard.

**IV.**

In sum, district courts do not improperly delegate their judicial authority by failing to cap substance-abuse testing within special conditions. And district courts do not plainly err when their special conditions do not specify whether mental-health treatment is outpatient or inpatient, or when they expressly state that the defendant "shall participate in a program of testing and/or treatment for drug and/or alcohol abuse." We therefore **AFFIRM**.