NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0902n.06

No. 12-4238

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS** | | **FILED** |
| **FOR THE SIXTH CIRCUIT** | | Oct 21, 2013 |
| | | DEBORAH S. HUNT, Clerk |

UNITED STATES OF AMERICA, )
                )
    Plaintiff-Appellee, )
                )     ON APPEAL FROM THE
v.                 )     UNITED STATES DISTRICT
                )     COURT FOR THE  NORTHERN
PEARLINE RICHARDSON,     )     DISTRICT OF OHIO
                )
    Defendant-Appellant. )
                )

BEFORE:  BOGGS and SUTTON, Circuit Judges; CLELAND, District Judge.[*]

PER CURIAM.   Pearline Richardson, a federal prisoner, appeals through counsel the sentence imposed following her guilty plea to a charge of sex-trafficking of a child.

Richardson's plea was the result of a plea agreement that called for dismissal of six other counts, including a child-pornography offense, that would have required a fifteen-year mandatory minimum sentence.  The statutory range for the charge of conviction was ten years to life, and the guidelines sentencing range was calculated at 151 to 188 months.  After her plea was accepted, Richardson participated in two proffers of information regarding another individual engaged in sex-trafficking and a person Richardson alleged was engaged in tax fraud.  Richardson's counsel filed a lengthy sentencing memorandum arguing in support of a downward variance for a number of

---

[*]The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

reasons, including abuse she suffered as a child, psychological problems, and the nature of the offense compared to others convicted of the same charge.

At sentencing, the government did not file a motion for a downward departure for substantial assistance, and defense counsel objected that the failure to move, while not based on unconstitutional motives, was nevertheless based on the allegedly improper motive of not wanting Richardson to be sentenced below the ten-year mandatory minimum. The district court decided to vary downward two levels based on the issues addressed in defense counsel's sentencing memorandum, resulting in a new guidelines range of 121 to 151 months. The district court sentenced Richardson to 132 months and subsequently issued a written sentencing memorandum explaining its decision. On appeal, Richardson argues that the court should review the government's failure to move for a downward departure for substantial assistance because it is not rationally related to any legitimate purpose. Further, Richardson argues that her sentence is unreasonable because the district court did not address the disparity between the nature of her offense, which involved only one minor and was not extensive, and those of other defendants who were convicted of the same offense and received similar sentences despite the fact that their offenses involved multiple minors and crossed state lines.

In *United States v. Moore*, 225 F.3d 637, 641 (6th Cir. 2000), we held that the government's failure to move for a downward departure for substantial assistance is reviewable only for unconstitutional motives, unless the government promised to file such a motion in the plea agreement. In this case, there was no mention of a substantial assistance motion in the plea agreement. Richardson argues that this is an overly narrow reading of the holding in *Wade v. United*

*States*, 504 U.S. 181, 185-86 (1992), that the court may review the government's failure to file a substantial assistance motion both for constitutional violations and where it is not rationally related to any legitimate purpose. We are bound by our holding in *Moore*. Moreover, even if the government's failure to file such a motion were more expansively reviewable, it appears that it was rationally related to the determination that Richardson simply did not render substantial assistance, despite Richardson's vague argument that it was improper for the government not to want her to receive a lower sentence.

We review the sentence imposed in a criminal case for procedural and substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Where, as here, the district court has granted the defendant's motion for a downward variance, the burden to demonstrate unreasonableness is demanding. *See United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008). Because Richardson had no meaningful opportunity to object to the district court's reasoning, she is not limited to plain-error review of her sentencing argument. *See United States v. Gapinski*, 561 F.3d 467, 473-74 (6th Cir. 2009).

The government correctly points out that avoidance of disparity is not a proper basis for a downward variance. *See United States v. Swafford*, 639 F.3d 265, 270 (6th Cir. 2011). However inartfully worded, Richardson's argument is not that her sentence is disparate, but that the disparate nature of her crime compared to others sentenced for the same violation actually called for a lower sentence. It is apparent from the record that the district court considered this argument as well as the other arguments raised in Richardson's sentencing memorandum in granting her motion for a downward variance. Contrary to Richardson's argument, the district court was not required to give

No. 12-4238
*United States v. Richardson*

reasons for rejecting each of her arguments. *See United States v. Lapsins*, 570 F.3d 758, 773 (6th

Cir. 2009). Richardson has not met the demanding burden of demonstrating that her sentence is

unreasonable. Accordingly, the district court's judgment is affirmed.